Below, Respondent, vs. Robbins, Appellant.

*April 10 — April 29, 1890.*

*Executions: Judgment for conversion of exempt property is exempt:
Practice: Reopening order.*

1. A judgment against an officer for the wrongful conversion of exempt property seized by him under an execution cannot be discharged, under sec. 3028, R. S., by payment of the amount thereof to another officer having an execution against the plaintiff's property. The entire judgment, including the costs, is exempt.

2. The trial court having decided that the judgment could not be discharged by such payment, and entered an order setting aside a pretended satisfaction by reason thereof, it was not error to refuse to reopen such order upon a petition by defendant alleging that plaintiff has other exempt property to the amount allowed by law.

APPEAL from the Circuit Court for *Langlade* County.

Three orders are appealed from by the defendant. The first denies a motion by the defendant to set aside, vacate,

· and quash the execution issued on the judgment recovered by the plaintiff in the action. The second, made on the plaintiff's motion, sets aside and cancels a pretended satisfaction of said judgment, and declares the judgment to be in full force and wholly unsatisfied. The third denies a motion by the defendant that the two orders above mentioned be opened and a renewed hearing thereon be had. The facts will sufficiently appear from the opinion.

For the appellant there were briefs by *Bloodgood, Bloodgood & Kemper*, and oral argument by *J. B. Kemper*.

For the respondent there was a brief by *Lynch & Latta*, and oral argument by *Thomas Lynch*.

COLE, C. J. It is not denied that the judgment against the defendant in this case was for the wrongful conversion of property exempt from sale upon execution. In other words, it was for the conversion of a stock of goods, selected and kept by the plaintiff for the purpose of carrying on his trade or business, not exceeding $200 in value. The statute expressly exempts that amount of stock. Subd. 8, sec. 2982, R. S. The defendant, as sheriff, had wrongfully seized and sold the stock upon an execution issued on a prior judgment against the plaintiff in favor of S. T. and F. E. Mock, judgment creditors. After the judgment for the conversion of the exempt property was rendered and docketed, the defendant therein attempted to discharge it by paying the amount thereof to the sheriff of Langlade county (taking a receipt for the same), who had in his hands an *alias* execution issued on the Mock judgment. This was done in pursuance of sec. 3028, R. S., which, it is claimed, authorizes such payment. Therefore the question presented is, Does that section of the statute authorize such a payment and discharge of this judgment for the conversion of exempt property?

The section reads: "After the issuing of execution against

property, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution; and the sheriff's receipt shall be a sufficient discharge for the amount so paid." We are clearly of the opinion that this provision was not intended to include, and should not be applied to, a judgment for the value of exempt property. If such a judgment could be discharged by applying the amount on another judgment against the person claiming the exemption, the spirit and policy of the statute would be defeated in many cases. This court has uniformly held that the exemption laws must have a liberal construction, so as to secure their full benefit to the debtor. It would be useless to grant the privilege contained in these laws if it could be defeated or rendered of no possible value by allowing the judgment for the conversion of exempt property thus to be satisfied. Unless the judgment itself is held exempt, or enjoys the privileged position which the property had which it represents, the debtor is not protected. This is very obvious. Public policy requires such a construction of the above provision that it will not impair in any degree the beneficent intent of the exemption law. In the language of Commissioner LEONARD, when considering a kindred question in *Tillotson v. Wolcott*, 48 N. Y. 188: "Public policy requires such a construction of the statute as will insure its full benefit to the debtor. It would be useless to grant the privilege contained in the statute if it could be rendered of no effect by refusing an adequate remedy for the invasion of the exemption, or by permitting a recovery, when obtained for such invasion, to be wrested from the debtor by proceedings on behalf of creditors. The judgment, when recovered by the debtor for the wrongful invasion of his privilege of the exemption of his property from levy and sale, represents the property for the value of which it was recovered." Page 190. In the case where this language

was used, it was sought to reach by proceedings supplementary to execution a judgment recovered for the value of exempt property, and it was held that it could not be done.  *Commissioners v. Riley*, 75 N. C. 144.

It is said the party entitled to the exemption could in this case have fully protected himself by bringing his action of replevin, and have recovered the exempt property.  But the counsel on the other side gives a complete answer to this position by saying that the action of trover and replevin are concurrent remedies, and that the plaintiff could pursue either remedy, and further, that, under the statute of replevin, the defendant could bond the property, in which case the plaintiff's judgment would be for the recovery of the property or its value.  We do not think the plaintiff lost his exemption by bringing the action in the form he did.  The judgment for the exempt property is exempt, we think, contrary to the intimation in *Mallory v. Norton*, 21 Barb. 424.  In *Temple v. Scott*, 3 Minn. 419, the supreme court of Minnesota reached a different conclusion, and held that the exemption did not attach to the judgment which represented the value of the exempt property.  But we must hold otherwise, because we think that the exemption of the statute must attach to it, in order to give full effect to the intention of the legislation upon the subject.  In *Watkins v. Blatschinski*, 40 Wis. 347, it was decided that the money due a judgment debtor from the purchaser of his homestead as a part consideration therefor, and which the debtor intended in good faith to apply to the purchase of another homestead, was not liable to garnishment.  It was said that the right given by the law to a debtor to sell and convey the homestead free from all liens would be a barren right, so far as the owner was concerned, if the proceeds of the sale could not be protected until they reached the hands of the vendor, or while in transition from one homestead sold to another purchased.  So here it may be said the privilege

of the exemption of the stock of goods would be a barren right if the judgment rendered for its value could be discharged by applying the amount on another judgment against the debtor. The entire judgment, in this case, was exempt, including the costs taxed in the action brought to vindicate the right which the law secured the debtor.

It follows from these views that the orders entered on the 21st day of October, 1889,— one denying the defendant's motion to set aside and quash the execution in the action, and the other granting the plaintiff's motion to set aside and cancel the satisfaction of judgment, and declaring the judgment in full force,— must both be affirmed. The costs on the motion were in the discretion of the court, and we shall not disturb the action of the court on that point. Counsel says, on the motion to set aside the execution there was not the slightest allusion in the motion papers to the matter of exemption. This position is not sustained by the record. *Robbins* says in substance, in his affidavit, that he tendered the balance due on the judgment to the attorneys of the plaintiff, and that they refused the tender " upon the ground that the judgment herein was for exempt property belonging to the plaintiff."

We do not think there was any error in the ruling of the court denying the defendant's motion to reopen the first two orders. The court had already decided and entered these orders, and it would have been irregular to set them aside and try a new issue raised at that stage of the proceedings, as to whether or not the plaintiff had other exempt property.

*By the Court.*— The three orders appealed from are affirmed.