# RICHARDSON v. SCHUYLER COUNTY AGRICULTURAL AND MECHANICAL ASSOCIATION, Appellant.

156 407
169 ¹318

## Division Two, May 21, 1900.

1. **Bill of Exceptions:** WHEN DUE: DOWER: INTERLOCUTORY DECREE. Where no exceptions were saved to any alleged errors committed during the trial and no bill of exceptions was filed at the term at which the interlocutory decree was rendered, in a suit for dower, and no leave was taken to file the same after that term, all errors which occurred at said term were waived, and the filing of a bill after the report of the commissioners was filed does not relate back to them.

2. **Death of Trial Judge:** NEW TRIAL. The death of the trial judge between the time of rendering the interlocutory decree and the report of the commissioners appointed to admeasure dower to the widow, in a dower case, does not entitle the losing party to a new trial, whether a bill of exceptions was or was not filed at the term at which the interlocutory decree was rendered.

Appeal from Scotland Circuit Court.—*Hon. R. F. Roy,*
Judge.*

AFFIRMED.

*Nat M. Shelton* and *Smoot, Mudd & Wagner* for
appellant.

(1) The motion for new trial filed August 19, 1895,
upon the incoming of the jury's verdict that plaintiff was
entitled to dower in the lands, was premature, and hence
when overruled appellant was not called upon to take a bill
of exceptions. Goode v. Lewis, 118 Mo. 357; St. Louis v.
Boyce, 130 Mo. 572; Rennels v. Washington University, 96
Mo. 226; Macke v. Byrd, 109 Mo. 487. (2) Hence the
motion for new trial filed May 31, 1897, upon the incoming
and confirmation of the report of the commissioners thereto-
fore appointed to assign plaintiff's dower, was timely because
then, and not until then, was a final judgment entered from
which an appeal would lie. The act of 1891 (Laws 1891, p.
70) has no application since proceedings in dower are not
within its language. (3) The Hon. Ben. E. Turner, before
whom the case was tried, had died since the trial of the case
and before the motion for new trial was filed, hence the
motion should have been sustained by Judge Roy. Woolfolk
v. Tate, 25 Mo. 597; Vaullaire v. Vaullaire, 45 Mo. 602;
Cocker v. Cocker, 56 Mo. 180; State v. Boogher, 3 Mo. App.
442; Bremen Book v. Herman Umrach, 55 Mo. App. 43;
State ex rel. v. Walls, 113 Mo. 42; Sec. 2171, R. S. 1889.

*F. M. Harrington, John M. Jayne* and *Edward Higbee*
for respondent.

(1) The case was tried at the August term, 1895. No
exceptions saved; no bill of exceptions filed, or leave taken
to file a bill of exceptions. If error was committed at the

NOTE.–The trial was begun before Judge Ben E. Turner, who rendered the inter-
locutory decree and who was then succeeded by Judge R. F. Roy, who rendered the fi-
nal judgment.

trial, it was waived. To preserve exceptions at the interlocutory trial it was necessary to file a bill of exceptions at that term. Secs. 2167 and 2168, R. S. 1889; St. Louis v. Boyce, 130 Mo. 577. (2) Appellant now complains of the giving and refusal of certain instructions and other rulings at the trial, at the August term, 1895. Those rulings became final at that term. It is not competent to bring matters of mere exceptions into the final bill, filed in September, 1897, at a subsequent term, when no bill preserving the exceptions was filed at the proper time during the course of the proceedings. Asphalt Paving Co. v. Ullman, 137 Mo. 564. If any exceptions were taken at the trial to the refusal of instructions or the like, they could not be galvanized into life by merely inserting them into a bill of exceptions filed two years later. State v. Ware, 69 Mo. 333; Carpenter v. McDavitt, 53 Mo. App. 399; Keen v. Schnedler, 92 Mo. 524; Stearns v. Railroad, 94 Mo. 321; Wentzville Tobacco Co. v. Walker, 123 Mo. 669; State v. Taylor, 132 Mo. 286. An exception taken at one term but not then preserved, can not be saved by incorporating it into a bill of exceptions at a subsequent term. State v. Taylor, 134 Mo. 136. (3) If error was committed on the trial and exceptions had been saved by a bill of exceptions signed and filed at the time, Judge Roy or other successors of Judge Turner might have granted a new trial; but no exceptions having been saved at the time, they were waived. They are not in the breast of the court at a subsequent term, and if Judge Turner had survived, he could not have granted a new trial; neither could his successor.

GANTT, P. J.—This is an action for the assignment of dower.

The petition is in the usual form, and the answer is a general denial.

Plaintiff is the widow of Manuel Richardson, who died June 17, 1888. During the marriage of plaintiff and said

Manuel Richardson he was seized in fee of the west half of the northwest quarter of the northeast quarter of section 13, and the northeast quarter of the northeast quarter of section 14 in township 66, range 15, in Schuyler county, Missouri.

The action was commenced in Schuyler county March 31, 1893. On May 6, 1893, a change of venue was awarded to Scotland county, and the cause was tried in Scotland Circuit Court on 18th day of August, 1895, before a jury.

The sole and only issue tried, was whether plaintiff was entitled to dower in the said lands.

Defendant asserted title under a power of attorney alleged to have been executed by Manuel Richardson and plaintiff, as his wife, under which a deed was made conveying said lands in the lifetime of said Richardson.

Plaintiff maintained she never signed or acknowledged said power of attorney, and it was over her execution or non-execution of said instrument that the contest was waged.

The jury found for plaintiff and assessed her damages at $79.58. Whereupon at the same term defendant filed its motion for new trial, which said motion was at the said August term, 1895, overruled. No exceptions were saved as to any alleged errors committed during said trial and no bill of exceptions filed, or leave taken to file the same after the term.

Commissioners were appointed to admeasure plaintiff's dower and at the February term, 1897, filed their report which was approved without objection or exception and thereupon final judgment was entered assigning plaintiff her dower in conformity with said report.

A second motion for new trial was filed February 17, 1897, after the final judgment. This motion was also overruled May 31, 1897, to which defendant excepted. A motion in arrest was filed on same day and overruled and defendant excepted.

The motion for new trial is based on the following grounds:

1st. Because the verdict is against the evidence presented at the trial.

2d. Because the verdict is against the weight of the evidence.

3d. The verdict is against the law as declared in the instructions of the court.

4th. Because the court erred in refusing instructions asked by defendant.

5th. Because the court erred in giving instructions asked by plaintiff.

6th. Because the court committed error in instructions given to the jury of its own motion.

7th. Because the damages assessed in this cause are excessive and unreasonable.

8th. Because the Hon. Ben E. Turner, the judge before whom this cause was tried has, since the trial, died.

9th. Because the court at the trial of this case excluded legal and competent evidence offered by defendant.

10th. Because the count admitted improper, illegal and incompetent evidence at the instance of and on behalf of plaintiff against the objections of defendant.

I. It will be observed that the motion for new trial is confined with one exception to errors alleged to have been committed at the August term, 1895. As already said in the statement of the case, no exceptions to the alleged erroneous rulings were taken at said August term, 1895, and no bill of exceptions filed, but defendant endeavored at the February term, 1897, to preserve its exceptions to the previous action of the court at the August term, 1895. It is entirely clear that it could not do so. By failing to save its exceptions at the August term, 1895, it waived all the alleged errors which occurred at said term. [State v. Ware, 69 Mo. 332; Henze v. Railroad, 71 Mo. 642.] To preserve exceptions at the interlocutory trial it is necessary to file a bill of exceptions at

that term.    [St. Louis v. Boyce, 130 Mo. 572.] The apparent
exception to this rule, which has obtained for many years in
this State is this, that exceptions taken on the trial of a cause
may be preserved in the bill filed at the term at which a motion
for new trial is overruled, though at a subsequent term of
court; provided the motion for new trial is filed at the same
term the exceptions are taken and remains undisposed of.
Such was the doctrine announced in Riddlesbarger v. Mc-
Daniel, 38 Mo. 138; Gray v. Parker, 38 Mo. 160 and Henze
v. Railroad, 71 Mo. loc. cit. 644.   But it will be noted that in
the latter case it was pointed out that it was only in cases in
which the exceptions were taken and the motion for new trial
filed at the same term, that the motion for new trial if con-
tinued had the effect of keeping the exceptions in the breast of
the court until decided. It follows that defendant's failure to
except to the instructions and the evidence and its failure to
preserve the same at the August term was a waiver thereof,
and his motion filed at a subsequent term could not resuscitate
the same, and make them available on this appeal.

II.   The only remaining ground for new trial is that
Judge Ben E. Turner had died before the report of the com-
missioners and that this of itself entitled it to a new trial.

We think this a non-sequitur.   Had Judge Turner lived,
he could not have considered the exceptions of the August
term, 1895, at the February term, 1897, in the absence of a
bill of exceptions properly taken and made a part of the
record.    On the other hand had the exceptions been preserved
Judge Roy could have considered them under our present
statute just as well as Judge Turner.   [State ex rel. v.
Perkins, 139 Mo. 106.]

Judge Turner's death, then, furnished no ground for new
trial, as to the matters finally disposed of by him.   No objec-
tions or exceptions were made to the action of the court or the
commissioners at the February term, 1897, and the motions

for new trial filed at said term did not relate to the trial in August, 1897.

We are cited by the learned counsel to a class of cases in which it is held that no appeal would lie from the interlocutory judgment that a widow be endowed or from the order overruling exceptions to the commissioners' report and approving the same, but would only lie after the assessment of damages; that until then no final judgment had been rendered. [Rannels v. Washington University, 96 Mo. 230.] This is true, but taking and preserving exceptions is one thing and an appeal, is another. Except in the special cases prescribed in the Act of April 18, 1891 (Laws 1891, p. 70), an appeal does not lie until after a final judgment, but that does not affect the statute which requires all exceptions to be filed during the term at which they are taken or within such extension as may be granted. [Sec. 2168, R. S. 1889.] As no exceptions were saved to the admission or exclusion of evidence, or the giving or refusing of instructions at the August term, 1895, we are precluded from a consideration of those questions raised in the brief. There being no error in the record proper, the judgment is affirmed.

*Sherwood* and *Burgess, JJ.*, concur.