CITY OF MEXICO, Appellant, v. C. A. BARNES et al., Respondents.

**St. Louis Court of Appeals.    Argued and Submitted June 7, 1911. Opinion Filed June 30, 1911.**

1. **APPELLATE PRACTICE: Review: Necessity of Exceptions.** It is only where exceptions have been taken and saved at the term at which the action complained of was had that such action can be reviewed on appeal.

2. ——: ——: ——. The mere filing of a bill of exceptions within the time required by law or allowed by the court does not save exceptions to specific rulings or to the action of the court on motions in the progress of the trial, but exceptions must be saved at the time the ruling is made.

Appeal from Audrain. Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*A. C. Whitson* for appellant.

*Clarence A. Barnes* for respondents Barnes & Lakenan; *E. S. Gant* for respondent Callahan; *Fry & Rodgers* for respondent Susan P. Woodward.

By failing to except to the court's action in rendering judgment taxing the costs against it, and by failing to preserve its exceptions to the action of the court in its bill of exceptions, the appellant waived all alleged errors of the trial court. Richardson v. Agricultural Co., 156 Mo. 407. And since the bill of exceptions as filed by appellant shows that it did not except to the finding of the court and did not preserve any exceptions thereto, in such bill of exceptions and did not file any motion for new trial, the mere fact that it filed a "bill of exceptions" does not preserve any errors for this court to adjudicate on appeal. Berry v. Smith, 54 Mo. 148.

REYNOLDS, P. J.—It appears that the city of Mexico commenced action to extend a street in that city, proceeding under the provisions of sections 5864 and 5869, Revised Statutes 1899, relating to opening and construction of streets in cities of the third class, the matter involved being the assessment of benefits and damages for the extension of the street. The action appears to have been commenced in the mayor's court of that city, where the total damages assessed in favor of all the parties were $1800. On appeal by the property owners to the circuit court, the damages were assessed at $1500, and the benefits to the city and public generally at $500, and a judgment appears to have been entered, although that is not set out in the abstract, awarding costs against the city. No motion for a new trial appears to have been interposed by any of the parties in connection with this judgment and no exceptions saved. After the rendition of that judgment the city of Mexico appeared in the circuit court and filed its motion for reduction or retaxation of the costs, asking that they be taxed against certain named defendants. Disallowing a few items, amounting to sixty cents, the circuit court overruled the motion and ordered and adjudged that costs, amounting to $368.40, be taxed against the city of Mexico. Whereupon that city filed an affidavit for appeal which was allowed to this court, the city filing its bill of exceptions in the time provided by order of the court.

We are compelled to hold that there is nothing before us for review. Neither by the record proper nor by the bill of exceptions does it appear that any exception was saved to the action of the circuit court in overruling the motion to retax costs. When the original judgment, which awarded costs against the city was rendered, if it was desired to attack that, exception should have been saved and a motion for a new trial should have been filed at the term at

which that judgment was rendered. By that judgment costs were adjudged against the city. It is the settled law of this state that only in those cases in which exceptions were taken and saved at the term at which the action complained of was had, can those rulings be here noticed. We cannot notice any objection to the judgment itself (saving for fatal defects of record) unless that judgment has been duly attacked at the term at which it was rendered. [Richardson v. Schuyler County A. & M. Assn., 156 Mo. 407, 1. c. 412, 57 S. W. 117.] Granting for this case, that this motion for retaxation of costs is in effect an attack on that judgment, we have nothing before us showing that it was interposed at the same term at which the judgment was entered. However this was, and conceding that a motion to retax costs may be made after the judgment has been rendered in the case, and even at a subsequent term to that in which the judgment was rendered, and without attacking the judgment itself, when that motion is overruled, exception should have been saved to the action of the court in overruling it. No exceptions of any kind are in this record as having been interposed at any stage of this proceeding.

The mere filing of a bill of exceptions in a cause within the time required by law or allowed by the court, does not save exceptions to specific rulings, or to the action of the court on motions in the progress of the trial; exception must be saved at the time the ruling was made. [Berry v. Smith, 54 Mo. 148].

It is true that under section 5869, Revised Statutes 1899, when cases of this class are appealed to the circuit court, the trial there is *de novo* and it is provided that on such appeals the circuit court "shall tax and charge costs in appeals according to equity." Counsel for the city urge this on our attention, claiming that the trial court disregarded it in this case and that while costs usually follow in favor of the prevailing party, this section leaves it to the court, in

fact imposes it as a duty on that court, to divide and adjudge costs equitably. Conceding this, we cannot say that the statute has not been properly applied here. The facts as to costs were before the trial judge and we find no sufficient ground to disturb his ruling. Over and above that, no exception whatever was saved to the action of that court, the city contenting itself with filing a bill of exceptions and on that record no exception appears to the action of the court on the motion. We are not to be understood as deciding whether a motion for a new trial should have been interposed when the motion to retax costs was overruled. The decision of that point here is unnecessary. But exception must be and none was saved then to that action, or, for that matter, at any other stage to any other step in the cause.

There is nothing before us for review.

The judgment of the circuit court must be and is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.