## CITY OF ST. LOUIS v. CHAS. F. QUERL LUMBER COMPANY, Appellant.

### Division Two, March 4, 1919.

1. **ESTOPPEL BY RECORD: Two Trials.** No litigant is entitled to two trials at different terms of court upon the same question. If the court at one term, having jurisdiction, adjudges an issue of fact, and no exceptions are saved, the aggrieved party cannot at a subsequent term have the same issue opened and re-tried.

2. ——: **Condemnation: Land Adjudged to Be Public Street: Re-opening Question at Later Term.** Where, in a proceeding to condemn parcels of land for the purpose of widening a street, the commissioners allowed damages to defendant for a certain strip taken, and to their report other taxpayers in the benefit district filed exceptions alleging that the said strip had been dedicated to public use and had been continuously used as a public highway for more than ten years, and upon a trial the court sustained the exceptions and found as a fact that the allegations were true and set aside the commissioners' report, to which action the defendant neither excepted at the time nor filed a bill of exceptions, exceptions filed by him at a subsequent term to the report of other commissioners, who allowed him only nominal damages, and which seek to have litigated again the question whether said strip had been dedicated to public use, cannot be entertained, but the prior adjudication of the issue will operate as an estoppel of record or by judgment; nor can defendant have the question reviewed on appeal, after final judgment in the case at the subsequent term, because he saved no exceptions at the term at which the issue of fact was adjudicated.

Appeal from St. Louis City Circuit Court.—*Hon. Kent Koerner*, Judge.

Affirmed.

*Geo. W. Lubke,* and *Geo. W. Lubke, Jr.* for appellant.

(1) The ruling of the court on exceptions to a Commissioner's report in condemnation is not conclusive unless the exceptions are overruled and judgment it entered. No appeal lies until there is a judgment confirming the report. City v. Thomas, 100 Mo. 223. If the court sustains exceptions to the report, a new appraisement will follow if the proceedings are not dismissed. The charter language is that the court "shall make such order therein as right and justice may require and may order a new appraisement upon good cause shown." Sec. 7, Art. 6, of Charter; Rombauer's Revised Code, p. 361. The court's approval of the report is the judgment from which an appeal lies. That approval may also follow after a modification of the report in respect of the benefits assessed. In either case it terminates the proceeding and is final. But the court is not authorized to modify the report "as to the damages assessed for the property taken." Under the Constitution the compensation for property taken or damaged for public use must be ascertained by a jury or board of commissioners. The court is not empowered to do it. St. Louis v. Buss, 159 Mo. 11. When the court sustains exceptions to the damages assessed no matter on what ground, and appoints a new board to perform that duty under the Constitution, this is the same as the granting of a new trial in an ordinary suit; in effect the same as empaneling a new jury to try the issues anew. (2) A broad order of court sustaining the exceptions and appointing a new commission indicates a retention of the entire matter in controversy for rehearing or trial *de novo* regardless of

the previous action. Where exceptions to a commissioner's report are filed it is the duty of the trial court to hear the evidence, because it has not before it the evidence and facts which influenced the commissioners. The court below in this case refused to hear all evidence offered by the Chas. F. Querl Lumber Company on any of the questions raised by the exceptions to the commissioners' report. This was error. City of St. Louis v. Abeln, 170 Mo. 323.

*Charles H. Dawes,* City Counselor, and *Lambert E. Walther* for respondent.

(1) The owner of the fee is entitled to only nominal damages when property taken for a street is subject to a public easement of way by dedication or prescription. Lewis on Eminent Domain, sec. 743; 15 Cyc. 711; St. Louis v. Lawton, 189 Mo. 474. (2) The failure of appellant to file timely exceptions to the action of the court in holding that the strip of land in question has been dedicated to public use as a highway and that the interest of appellant in the strip was subject to such easement, made such finding and judgment final. St. Louis v. Lawton, 180 Mo. 474; Burke v. City of St. Louis, 118 Mo. 309; Richardson v. Schuyler County, 156 Mo. 407; Moran v. Stewart, 246 Mo. 462; Reineman v. Larkin, 222 Mo. 156; Blanchard v. Gorman, 236 Mo. 436; Simpson v. Scroggins, 182 Mo. 560; Windes v. Earp, 150 Mo. 600; Stewart v. Nelson, 79 Mo. 522; Younkin v. Younkin, 44 Neb. 729; Herman on Estoppel, sec. 51; Black on Judgments (2 Ed.), sec. 509. (3) Parties are estopped from urging objections against the confirmation of the report which they might have made at an earlier stage of the proceedings and omitted to make. Lewis on Eminent Domain, sec. 783. (4) Findings of fact on common law dedication are not reviewed in statutory cases of this kind any more than in ordinary actions at law. City of St. Louis v. Wetzel, 110 Mo. 260. (5) The question whether the city had, before the

condemnation proceedings, acquired the property sought to be condemned could only be tried in such proceeding and only be determined upon exceptions to the report of the commissioners. Mieball v. City, 112 Mo. 612; Buddecke v. Ziegenheim, 122 Mo. 243; Vrana v. St. Louis, 164 Mo. 146.

FARIS, J.—The City of St. Louis, pursuant to an ordinance duly passed in that behalf, instituted proceedings against appellant and others as defendants to condemn certain parcels of land for the purpose of widening a street called Blase Avenue.

To this end a board of commissioners was appointed by the circuit court, who proceeded pursuant to law to ascertain and report their findings of the damages which would be sustained by the appropriation of the property of defendants in the proceedings for the use stated. These commissioners found, and so reported to the circuit court, that appellant was the owner of a certain parcel of the land sought to be condemned for street purposes, and that it would sustain damages in the sum of $2429.46 by the appropriation thereof. The above report was filed in the circuit court on the 29th day of September, 1913.

Thereafter, certain persons, who were the owners of property in the benefit district (which property was liable to assessments for the payment of the awards in favor of appellant and others), filed exceptions to the report of the board of commissioners. The grounds of these exceptions are self-explanatory, and so far as the same are pertinent to the questions raised on this appeal, read thus:

"That the commissioners erred in awarding to the Charles F. Querl Lumber Company any damages, because a strip of land twenty-five feet in width and having a depth of five hundred and twenty feet and one and three-eighths inches eastwardly from the east line of Broadway, for the taking of which damages were awarded to the said company by the commissioners,

had been dedicated to public use for highway purposes and had been continuously used as a public highway for more than ten years prior to the institution of this suit.''

The above exceptions came on for hearing before the circuit court on the 28th day of January, 1914, and *at the December Term*, 1913, of the circuit court, and were tried by the court, sitting as a jury. On said trial the court sustained the exceptions of the special taxpayers, upon the specific ground that the reasons therefor above set out were as a matter of fact true, and thereupon set aside the report of the commissioners. To this action of the trial court appellant *neither excepted at the time*, nor filed any term bill of exceptions. On setting aside the report of the commissioners, the circuit court, as he is by the charter of St. Louis in his discretion permitted to do, ordered ''that a new appraisement and assessment be made herein,'' and to this end appointed a new board of commissioners, who duly qualified and on June 4, 1914, and *at a term subsequent to that at which the exceptions supra were sustained*, filed their report. The latter report, following and being governed by the finding of the circuit court, touching the dedication by prescription of appellant's land, awarded to appellant only nominal damages, to-wit, one dollar, for the appropriation thereof.

Upon the coming in of the latter report, appellant filed exceptions thereto, which, so far as they are pertinent to the point confronting us, read thus:

''That said commissioners also erred unjustly and illegally in holding and finding that the parcel of ground twenty-five feet in width and five hundred and twenty feet and one and three-eighths inches in depth belonging to this defendant and adjoining Blase Avenue thirty feet wide is a public highway by virtue of adverse user and prescription, and that said commissioners also erred, and unjustly and illegally. held and found that this defendant was and is entitled to damages of only one dollar for the appropriation thereof, whereas said

parcel of ground was not and never has been a public street, but is the property of this defendant and is of a value largely in excess of one dollar, and the said commissioners also erred and unjustly and illegally found that the benefits derived by this defendant to other property owned by it by said proposed opening amounts to sixty dollars and forty-eight cents, for that said property of this defendant was not and will not be benefited to that extent.''

To the above exceptions, an answer was filed by those property-owners whose property, situate in the benefit district was liable for the payment of the award made.    This answer set up as an estoppel the action had by the court at the preceding term wherein, as above set out, exceptions were sustained to the report of the first board of commissioners, for that the court found that title to the strip of land in controversy had passed from appellant to the public by prescription. Appellant moved to strike out so much of this answer as bottomed estoppel upon the action of the court in sustaining, upon the ground stated, the exceptions first filed and its motion being overruled, duly excepted. Afterwards, the exceptions of appellant to the report of the second, or last board of commissioners coming on to be heard, appellant offered to prove that the land in controversy had never been used as a street and that the same had not become a street by prescription; in short, that said strip of land was not in fact already a public highway, as the court had at the preceding term found and adjudged upon the hearing of exceptions to the first report.    Objections being made to this offer of proof, upon the same ground of alleged estoppel by judgment, the same were sustained and defendant Lumber Company appealed.

Appellant contends that the action of the trial court in sustaining at a former term of court the exceptions filed to the first report, for that the court Estoppel   found the land was a public highway, did not by Record.   conclude appellant, nor preclude, upon the ·

hearing of exceptions filed to the second report, the offering of evidence to prove that the said land was not a public highway. It is obvious that while this point is saved in two ways (if not three) in the record, it is the sole question up for decision.

The identical issue, whether or not the strip of land the value of which is in dispute, is a public highway, was, so far as appellant was concerned, the only question before the court at the hearing of the exceptions which were filed to the report of the first board of commissioners. Presumably, all evidence possible to be adduced by appellant upon that issue was in fact presented by it upon that hearing. Nevertheless, the court's finding was adverse to appellant upon this issue, in that, the court found that the strip of land was already a public highway and that appellant had no title thereto. To the order of the court sustaining these exceptions upon the ground last above stated, no exceptions were taken by appellant, nor was any appeal taken, nor any term bill of exceptions filed preserving for review the alleged erroneous order of the court in sustaining the exceptions. In this situation the term ended and a new term began.

Appellant contends that an appeal following the order sustaining the exceptions first filed would have been premature, because it could not appeal till final judgment was rendered, and that it did not take this appeal till this contingency occurred. All this may be and probably is, true; likewise it may be true that a term bill of exceptions, since the amendment of 1911, performs no office. Neither of these questions is in this case, for obvious reasons. The trial upon the exceptions, which set out that the land in dispute is a public highway, and the question whether said land was a public highway *vel non* was had at a term preceding the one at which the instant appeal was taken, and it was then and there adjudged that the land was already a public highway.

It is obvious (a) that the trial had upon the grounds of the special taxpayers' exceptions to the report of the first board of commissioners was the trial by which appellant was prejudiced, (b) that appellant is not entitled to two trials at different terms of court upon the same question, and (c) that appellant's failure to except to the action of the trial court, at the time at which the court sustained the exceptions first filed, precludes upon this appeal any review of the court's action thereon. [St. Louis v. Lawton, 189 Mo. 475; Richardson v. Schuyler Co. Assn., 156 Mo. 407; Moran v. Stewart, 246 Mo. 463.]

The cases cited by appellant are cases wherein it was held that an appeal may be taken only from the final judgment. These cases are undoubtedly correct, not only because the statute so prescribes, but because, among other reasons, it might well develop in the end that appellant would be helped and not hurt by the second report, or by the final result or judgment. But here, the identical question upon which by the second report the case rode off, was tried and ruled against appellant at a former term, without an objection or an exception. Clearly, therefore, it was the duty of appellant to have excepted then and there to the court's action (St. Louis v. Lawton, supra) and finding, and upon final judgment being rendered, to have appealed for errors occurring *upon the hearing of the special taxpayers' exceptions at which the point was ruled against it.* This it did not do. On the contrary, it appealed from the hearing upon exceptions taken at the term subsequent to the ruling by which it was prejudiced. The hearing upon which it ought to have bottomed its appeal, had it properly preserved the points for review, is not before us at all. It results that the case must be affirmed. Let it be so ordered.

All concur.