# CHARLESTON.

## STATE v. SHELBY TAYLOR.

Submitted February 5, 1924.   Decided February 12, 1924.

INTOXICATING LIQUORS—*Indictment for Unlawful Transportation
Failing to Negative Exceptions in Statute Bad on Demurrer
and Motion to Quash.*

> An indictment under section 31a of chapter 115, Acts 1921,
> section 31a of chapter 32A, Barnes' Code 1923, which fails to
> negative the exceptions contained therein, is bad on demurrer
> and motion to quash.

Error to Circuit Court, Monongalia County.

Shelby Taylor was convicted of the unlawful transportation
of intoxicating liquor, and he brings error.

*Indictment quashed.*

*Charles T. Herd* and *W. French Hunt,* for plaintiff in error.
*E. T. England,* Attorney General, *R. A. Blessing,* Assistant
Attorney General, *R. P. Posten,* Prosecuting Attorney, and
*Charles G. Baker,* Assistant Prosecuting Attorney, for the
State.

MILLER, JUDGE:

The indictment on which defendant was tried and found
guilty, and adjudged to pay a fine of $250.00 and costs, and
to be confined in the county jail of Monongalia County for

a period of six months and to work upon the county roads as required by law, charges that he "did unlawfully cause a certain quantity of intoxicating liquors, to-wit, fifty (50) gallons, to be transported into the State of West Virginia and County of Monongalia and from one place to another within said State and within said County against the peace and dignity of the State."

The indictment is founded on section 31a of chapter 32A of the Code, making it "unlawful for any person to order, purchase, sell, or cause intoxicating liquors, to be transported into the State, or from one place to another within the State, in any manner, except pure grain alcohol for medicinal, pharmaceutical, scientific and mechanical purposes, and wine for sacramental purposes to be used by religious bodies, as now provided by law," and imposing the penalties therein provided.

The first question presented is that the trial court erred in overruling defendant's demurrer to the indictment, and in refusing to quash the indictment, on his motion.

Defendant contends that the indictment is bad because it fails to negative the exceptions contained in the statute.

The general rule in such cases, as laid down by our decisions, is that an indictment must negative exceptions contained in the enacting clause of a penal statute; and that every fact necessary to constitute the crime intended to be charged must be directly and positively alleged in the indictment. *State* v. *Welch,* 69 W. Va. 547; *State* v. *Weir,* 71 W. Va. 93. In the Welch case the defendant was charged with unlawfully carrying "about his person certain revolvers and other pistols, against the peace and dignity of the State." The statute made it an offense to carry a pistol or revolver, "without a state license therefor." And it was there held that the facts stated in the indictment did not constitute an offense under the statute, and that the words "without a state license therefor" were plainly used in the statute in describing the offense. In the Weir case the charge was that defendant "did feloniously and unlawfully, sell, give away and dispense cocaine," while the statute made such acts unlawful, "except on the prescription of a licensed physician in good

standing," etc. In that case Judge Brannon said. "All that is contained in the count may be true and yet the defendant not guilty. That is frequently put as a test of a good indictment. The defendant may have had a prescription authorizing sale. The offense is not merely selling, but selling without a prescription, wherefore we conclude that this is a part of the very definition of the crime." It is true that provisos need not in all cases be negatived in indictments, but here the exception is a part of the enacting clause of the statute, not a proviso. Clearly, the indictment in this case comes under the rules laid down in the two cases cited above, and is controlled by the decisions therein.

It is argued by counsel for the State that section 3 of said chapter 32A contains certain exceptions, and the form of indictment prescribed therein does not set out such exceptions. Whatever may be the effect of the form of indictment contained in other sections of the statute, none is prescribed for the section under which the indictment in this case was returned.

From the evidence in the case, it appears that the offense charged was committed more than one year previous to the decision here, if the defendant is guilty of such offense, a question into which we do not inquire for the purpose of ruling on the demurrer and motion to quash. This being true the statute bars further prosecution; and the defendant is entitled to be discharged from custody.

The judgment will be reversed, the verdict on which it was entered will be set aside, the indictment quashed, and the defendant discharged.

*Indictment quashed.*