THE STATE v. JACK RANDAZZO, Appellant.—300 S. W. 755.

Division Two, December 12, 1927.

*W. W. Graves, Jr., E. J. Curtain* and *E. M. Tipton* for appellant.

*N. T. Gentry*, Attorney-General, and *A. M. Meyer*, Special Assistant Attorney-General, for respondent.

HIGBEE, C.—On November 7, 1925, the defendant was charged by indictment in the Circuit Court of Jackson County, with having,

on October 6, 1925, stolen a Ford touring car, the property of W. G. Ekey, of the value of $400, having motor number 12,036,457. On February 9, 1926, at the January term, there was a mistrial. At the second trial at the same term, on February 15, 1926, the defendant was found guilty as charged in the indictment, his punishment assessed by the jury at imprisonment in the penitentiary for a term of five years, and he appealed from a sentence in accordance with the verdict.

Appellant's learned counsel assign but one error, that the court erred in overruling defendant's motion to suppress evidence obtained without a search warrant. This is the only error discussed in appellant's brief, and we shall confine our consideration of the case to this assignment. [State v. Bishop (Mo.), 296 S. W. 147, and cases cited.]

The record recites that on December 14, 1925, the defendant "files motion to suppress or return to said defendant a certain Ford automobile number ———, taken and retained in violation of said defendant's legal and constitutional rights." This motion was continued to the January term, 1926. On January 9, 1926, this and other criminal causes were transferred to Division 6 of the court, in which Judge Dew presided. On January 10, 1926, this motion was taken up, heard and overruled by Judge Dew in said division of the court, as appears from the record. On February 8, 1926, on the application of the defendant, a change of venue was awarded to Division 4 of the court, where the two trials were had, Judge Johnson presiding. The bill of exceptions was signed by Judge Johnson on November 20, 1926, and filed on the same day. It begins with the proceedings at the second trial and contains none of the evidence heard in Judge Dew's court on the motion to suppress evidence.

The evidence at the second trial shows that G. W. Ekey's Ford touring car was stolen in Kansas City, Missouri, on the night of October 6, 1925. A few days later the police department notified him that his car had been found. He identified it as his car. The motor or engine, which bore the serial number 12,036,457, had been removed. The motor was found by officers Duncan and Owens on Sunday morning, October 11, 1925, in the defendant's garage, in an old building formerly used as a stable, at 2500 Grand Avenue, Kansas City, Missouri. The serial number had been filed off, but when what is known as the acid test was applied, the serial number 12,036,-457 was brought out. Certain accessories which Ekey had bought with the automobile in the summer of 1925 were also found in defendant's garage. In the view we take of the case, it will not be necessary to go further into the evidence.

After the trial began and Mr. Ekey had testified to the circumstance of the loss of his touring car and had identified the motor

or engine above mentioned, the defendant objected to the introduction of the motor in evidence and offered to prove by certain witnesses who had not testified at the hearing of the motion to suppress evidence in Judge Dew's court, that officers Duncan and Owens had, in defendant's absence, unlawfully entered and searched defendant's garage without a warrant, and had so secured the motor or engine offered in evidence, in violation of defendant's right to immunity against unlawful search and seizure provided by Sections 11 and 23 of Article 2 of the Missouri Constitution. It was admitted that the motor offered in evidence was the same motor which was involved in defendant's motion to suppress the evidence presented to Judge Dew. The prosecuting attorney objected to the offer of further proof by the defendant for the reason "that since·this matter was passed upon in Division 6 upon a motion filed, and the testimony and the proof of the witnesses was introduced, therefore it becomes *res gestae.*"

After hearing the testimony of several witnesses offered by the defendant as to the circumstances of the search of defendant's garage and the seizure of the motor offered in evidence, the court said: "This matter was presented to Judge Dew and an opportunity was there had to present this additional testimony and it was not presented. And if I failed to follow the ruling of Judge Dew on this motion to suppress, in my opinion it would be reviewing the action of another division of this court, which the statute expressly prohibits. I will overrule the motion."

The record shows that the motion to suppress the evidence of the finding of the motor was heard and overruled in Judge Dew's division. Neither the evidence that was offered at the hearing of the motion nor the ruling of the court thereon, nor an exception to the ruling was saved by bill of exceptions. The order of the court overruling the motion to suppress the evidence was *res adjudicata.* [State v. Zugras, 306 Mo. 496, 267 S. W. 804; St. Louis v. Querl Lbr. Co., 210 S. W. 21; State v. Windsor, 289 S. W. 663; State v. Mischler, 289 S. W. 669.]

In St. Louis v. Querl Lbr. Co., Judge FARIS said:

"Appellant's failure to except to the ·action of the trial court, at the time at which the court sustained the exceptions first filed, precludes upon this appeal any review of the court's action thereon" (citing cases).

In State v. Windsor, supra, the identical question. here presented was ruled adversely to appellant's contention. The court said:

"The question as to whether the evidence should or should not have been suppressed was tried in the hearing on the motion to quash the search warrant and·to suppress the evidence and the action of the court in suppressing this evidence was *res adjudicata.* The evi-

dence was out of the case and not a matter to be gone into again on a trial of the case on its merits.'' Citing State v. Zugras, supra.

In 20 Ruling Case Law, 514, it is said: ''But when a court has passed on all the questions presented on a motion and made and entered an order it would be improper for it to set the order aside merely to try a new issue which ought to have been presented on the original hearing.'' [Citing Below v. Robbins, 76 Wis. 600, 45 N. W. 416, 8 L. R. A. 467.].

In 34 Corpus Juris, 764: ''But orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and a bar to further proceedings.''

The appellant might have preserved the motion, the evidence heard thereon, and the ruling in Judge Dew's division, and the order overruling the motion could have been reviewed on appeal. But he has not done so. Appellant's purpose in filing the motion was to have the court judicially determine that the search and seizure of the engine was violative of the constitutional provisions granting immunity against unreasonable searches and seizures and to obtain the judgment of the court that the evidence obtained by the State on such search be suppressed and the engine returned to the defendant. If the court had sustained the motion it cannot be denied that the evidence as to the finding of the engine in the defendant's possession would have been inadmissible on the trial of the case. In such case, as said in State v. Windsor, supra: ''The evidence was out of the case and not a matter to be gone into again on a trial of the cause on its merits.'' This is not saying that on a proper showing the order might not have been reopened in Judge Dew's division during the same term. Whether on a proper showing it might have been reopened after the change of venue in Judge Johnson's division, is a question that is not presented on this appeal.

The offer of proof by the defendant during the trial of the cause was an attempt by the defendant to reopen the order that had been regularly made in Judge Dew's division. In State v. Owens, 302 Mo. 359, 259 S. W. 100, 102, this court, en banc, said:

''When evidence is offered and objection that it was obtained by illegal means is then made for the first time, the court will determine only whether the evidence is relevant and competent. It will not pause to determine the collateral question as to how the evidence was obtained. [Adams v. New York, 192 U. S. 1. c. 594-5; and that is the doctrine in this State; State v. Pomeroy, 130 Mo. 1. c. 498-9; State v. Sharpless, 212 Mo. 1. c. 197, 198, 199.]''

Again, it is contended that the ruling on this motion was not res adjudicata ''for the reason that the ruling of the court in Division 6 was not introduced in Division 4, and there would be no way for

the judge of Division 4 to determine the ruling of Division 6 except by an introduction of the ruling of the court in Division 6."

This contention is inconsistent with the theory on which the case was tried below, that is, that the motion had been overruled in Judge Dew's division. Appellant claimed the right to offer evidence that had not been heard by Judge Dew. In 2 Ruling Case Law, 79 (55) it is said:

"It is well settled that the theory upon which the case was tried below must be strictly adhered to on appeal. Thus if the case is tried on the theory of the existence of a certain fact it cannot be objected on appeal that there was no proof of the existence of such fact, as, if objection had been made in the court below to the absence of such proof the lack might have been supplied."

But the record brought here by the appellant shows that the order was made in Division 6, and the court would take notice of facts appearing in the record.

The judgment is affirmed. *Davis* and *Henwood, CC.*, concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.