THE STATE v. R. L. MINOR, Appellant.—1 S. W. (2d) 106.

Division Two, December 31, 1927.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

HIGBEE, C.—By information filed in the Circuit Court of Platte County, Missouri, on September 29, 1926, the prosecuting attorney of that county charged R. L. Minor, appellant, with the illegal posses-

sion of intoxicating liquor. The case was tried in said court on November 22, 1926. From the verdict and judgment whereby he was found guilty and a fine of $200 assessed against him, he has appealed.

Appellant has not favored us with a brief, but we have examined the record with a view of ascertaining if any error appears therein.

Appellant lives in Tracy, Missouri, where he conducts a store, dealing in groceries, soft drinks, ice cream, and kindred lines of merchandise. On September 7, 1926, the prosecuting attorney filed with a justice of the peace an application, verified by him, for a search warrant, charging therein that the defendant:

"In the hereinafter described buildings and structures and at and upon the hereinafter described premises and place in said county and state, to-wit a store building and dwelling house adjoining and the premises located—the village of Tracy, Mo., Platte Co., Missouri and which is occupied by Bob Minor, intoxicating liquor is being unlawfully manufactured, sold, stored and kept."

Thereupon a search warrant was issued under which deputy sheriffs searched the building and found behind the counter two jugs filled with sour wine; on the back porch, in a place where the defendant kept an ice-cream freezer, they found a bottle of whisky; in the rear of the building, on the defendant's premises, they found a number of bottles, all of which contained a small quantity of liquid, which one of the deputy sheriffs collected and produced at the trial. This he testified was whisky of an inferior grade. A large number of empty bottles was also found in the rear of the store building.

The defendant testified that the wine in the two jugs was freshly made, for his own use; that he made wine for his own use every year; that he put sugar in it to keep it from souring; and that on this occasion he covered the jugs with rags because he had no corks available; that he did not know that putting sugar in wine would cause it to ferment. He denied any knowledge as to the bottle of whisky found on the back porch; he accounted for the bottles found behind the store by stating that he bought bottles from boys and traded candy for them; he did not know why, but principally to please them. Several boys testified that they had sold the defendant bottles for three cents apiece.

Before entering upon the trial the defendant filed a motion to quash the search warrant and to suppress the evidence as to finding the alleged intoxicating liquor, because the search warrant was and is illegal and void as being in violation of the 4th and 5th Amendments to the Constitution of the United States and Sections 11 and 23 of Article 2 of the Constitution of the State of Missouri providing that "the people shall be secure in their persons, home and effects from unreasonable searches and seizures, and that no warrant to search any place or seize any person or

thing shall issue without probable cause, supported by oath or affirmation reduced to writing. . . . Defendant states that the said search warrant purports to have been supported by and based on the oath and affidavit of Jay B. Wilson, Prosecuting Attorney of Platte County, but such pretended affidavit is a nullity." The motion further states that on September 7, 1926, the Sheriff of Platte County and his deputies, acting under said void search warrant, in violation of the Constitution and laws of this State, unlawfully entered and searched his private dwelling and seized and now hold the alleged intoxicating liquors which the defendant is charged by the information with having unlawfully in his possession, and that defendant is the owner of and entitled to the possession of said intoxicating liquors, if any, so seized by said sheriff under said void search warrant.

The defendant read in evidence the application for the search warrant and the search warrant.

Defendant's counsel contended that the application for the warrant was insufficient; to use his language, "our particular point being, if the court please, that the place to be searched is not described. . . . That is practically the only point that I see any necessity for making."

The description of the place to be searched was set forth in the search warrant as it was in the application. The motion to quash the search warrant did not allege that the application failed to describe the place to be searched or specify any other reason why the warrant should be quashed. It alleged as the sole reason why the warrant should be quashed, that it purports to have been based on the affidavit of the prosecuting attorney, "but such pretended affidavit is a nullity."

In order regularly to have raised the constitutional question relied on, the motion should have specifically pleaded it. The learned trial court might have treated the averment that the affidavit of the prosecuting attorney was a nullity as the averment of a conclusion and as tendering no issue. It did not advise the court or the State of any vice or error in the issuance of the warrant. But no objection was made to the appellant's contention on that score. If such objection had been made, the court no doubt would have permitted the defendant to have amended the motion. On the other hand, court and counsel treated the motion as sufficiently specific.

"It is well settled that the theory upon which a case was tried in the court below must be strictly adhered to on appeal. . . . So, also, the theory accorded to a pleading in the lower court must be adhered to and cannot be shifted on appeal." [2 R. C. L. 79 (55); 3 C. J. 718; Home Tel. Co. v. Carthage, 235 Mo. 658, 139 S. W. 547; 48 L. R. A. (N. S.) 1055; Carter v. Butler, 264 Mo. 328.]

The motion to quash was heard and determined as if the constitutional question had been strictly and technically raised. That was

the theory adopted without objection at the trial, and we shall adhere to that theory and entertain jurisdiction of the appeal.

We entertain no doubt that the description of the premises, as set forth in the application for the search warrant, and in the search warrant itself, is sufficiently definite. The exact legal description of the premises to be searched need not be given; all that **Description of Place.** is required is that the description be sufficiently definite to advise the officer and guide him to the place intended to be searched. [United States v. Borkowski, 268 Fed. 408; State v. Cobb, 273 S. W. 739; State v. James, 274 S. W. 110 and cases cited.]

Appellant also contended that the law requires that when the application was presented to the justice of the peace, he was required to make a finding of probable cause and there is no such finding shown in his docket. Here the docket of the justice was introduced, which shows the presentation of the application and the issuance of the search warrant to the Sheriff of Platte County on September 7, 1926, and the return of the warrant by having the body of the defendant before the court for examination, etc. Appellant's counsel insisted that the place to find the judgment of the justice that he found probable cause is in his docket.

By the Court: "This search warrant shows he finds that. He can docket it now if he wants to." There was no exception to this ruling.

An analogous question arose in Rose v. United States, 274 Fed. 245, where it was held that the failure of an officer to make a return of a search warrant does not invalidate the search or seizure made thereunder, the return being merely a ministerial act which may be performed at a later date.

Various errors are assigned in the appellant's motion for new trial, which we will consider in order.

1st. That there is no substantial evidence to support the verdict. We think the testimony of the officers and of the defendant himself make a submissible case, and we will not disturb the verdict. [State v. Pigg, 278 S. W. 1030 (8 and 9.)]

Points 2, 3 and 4 are too indefinite and general to warrant our attention. They present in substance that the verdict is against the law as declared in the instructions given by the court; that the court erred in giving instructions asked by the State, numbered 1, 2, 3, 4, 5 and 6; that the court erred in admitting illegal, irrelevant and incompetent testimony on the part of the State, and over the objections and exceptions of the defendant.

Such general assignments of error cannot be considered on appeal. [Laws 1925, p. 198; State v. Standifer, 289 S. W. 856; State v. Lucas, 292 S. W. 714.]

5th. Error is based upon the fact that the court permitted the deputy sheriff, while the jury was deliberating upon the verdict, to inquire repeatedly whether or not they had reached a verdict. There is no showing in the record that this occurred. We cannot convict the trial court of error by a mere allegation in the motion for new trial.

6th. Appellant further complains that the trial court permitted the introduction in evidence of the two one-gallon jugs of wine, and the two bottles which the deputy sheriff testified contained whisky, for the reason that there was no competent testimony that any of this liquor was intoxicating. The defendant admitted that he made the wine, added sugar thereto and left it uncorked. The deputy sheriff testified it was sour. We take it as a matter of common knowledge that such wine under such circumstances, would soon ferment. The allegory of the new wine and the old bottles is not without its scientific accuracy. The deputy sheriff testified that the two bottles contained whisky. We take notice of the fact that whisky is intoxicating. [State v. Pigg, supra.]

7th. It is further insisted that the court should not have permitted the deputy sheriff to testify as to what they did in the execution of the search warrant, for the reason that the sheriff's return thereto is the best evidence. We think this point is not well taken and so hold.

For the above reasons the judgment of the trial court is affirmed.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.