# CHARLESTON.

## STATE *v.* CLARENCE HARLESS

### (No. 6059)

Submitted April 18, 1928.  ·  Decided April 24, 1928.

CRIMINAL LAW—INTOXICATING LIQUORS—*Warrant Charging Transporting Intoxicating Liquors Failing to Negative Statutory Exceptions is Fatally Defective; Motion in Arrest of Judgment, After Conviction on Warrant Charging Transporting Liquors Not Negativing Statutory Exceptions, Should be Sustained (Barnes' Code, c. 32A, §§ 1, 31a).*

A warrant based upon Section 31a, Chapter 32A, Barnes' Code, which fails to negative the exceptions contained therein, is fatally defective; and a motion in arrest of judgment after verdict of conviction thereon should be sustained.

(Criminal Law, 16 C. J. § 2790; Intoxicating Liquors, 33 C. J. § 422.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wayne County.

Clarence Harless was convicted of transporting intoxicating liquor, and he brings error.

*Judgment reversed; verdict set aside; motion in arrest of judgment sustained; prisoner discharged.*

*C. R. Harless,* for plaintiff in error.

LIVELY, JUDGE:

Upon appeal from a justice, defendant Harless was convicted under a warrant charging transportation of intoxicating liquor. He was fined $250.00 and sentenced to six months' imprisonment. This writ followed.

On December 14, 1926, defendant, then nineteen years of age, while walking along Virginia street in Charleston, accepted the invitation of Richard Baer, a friend and neighbor, to take a ride in the latter's car. At Baer's suggestion they drove to Huntington, West Virginia. Upon arriving in that

city, Baer remarked that he believed he would go over into Kentucky to get a drink. Thereupon, they drove to Ashland, Kentucky, and parked their automobile in front of a restaurant. The defendant went into the restaurant, and Baer went some place unknown to defendant. After a brief absence, Baer returned and stated that he was ready to drive back to South Charleston. Upon getting in the car the defendant noticed several packages on the floor and he asked Baer what they were. He was informed that the packages contained liquor. It was then getting late in the evening. The defendant had never been to Kentucky before. With Baer at the wheel, the journey homeward was begun. As they were crossing the bridge leading to Kenova, several state police and local officers armed with search warrants for certain automobiles, observed Baer's car approaching at a rapid rate of speed with but one light on it, and desiring to determine whether the automobile was one of those which was sought to be apprehended, attempted to stop the car. Baer speeded up across the bridge. Whereupon, the officers on the bridge blew a whistle, which was heard by two of their companions stationed about fifty yards away, who took up the pursuit of Baer's car. The chase continued through the streets of Kenova until Baer turned the automobile aside from the main road and drove off on an untraveled way. The officers were close upon his car, and perceiving that capture was imminent, Baer told defendant to throw the packages of liquor from the car, and the defended acceded to this request. Finally, Baer's car became mired in some cinders near the B. & O. yards, and stopped. As the officers drew up both Baer and defendant ran from their car. The former escaped in the darkness, but the latter was captured. The officers found three one-gallon jugs of liquor intact and one broken jug, which had been thrown from the car. Defendant was said to have remarked upon his capture that the liquor found by the officers "was all they had." The defendant denied that he had any interest in the liquor.

One of the assignments of error relied upon for reversal is the refusal of the trial court to sustain the defendant's motion in arrest of judgment based on the ground that the warrant

upon which the trial was had did not negative the statutory exceptions.

The warrant charged that the defendant did "unlawfully bring and carry into the State of West Virginia, and did unlawfully carry from one place to another in said county and state, liquors as defined by section 1 of chapter 32-A, Code of West Virginia, contrary to the laws of the State of West Virginia." Section 31a, chapter 32-A, making it an offense to cause intoxicating liquors to be transported into the state, or from one place to another within the state, provides in part that, "It shall be unlawful for any person to order, purchase, sell or cause intoxicating liquors to be transported into the state, or from one place to another within the state, in any manner, except pure grain alcohol for medicinal, pharmaceutical, scientific, and mechanical purposes, and wine for sacramental purposes to be used by religious bodies, as now provided by law." Under two recent decisions of this Court, an indictment based upon this section of the Code, which fails to negative the exceptions contained therein is fatally defective upon demurrer or motion to quash. *State* v. *Taylor,* 95 W. Va. 518; *Bailey* v. *Hudkins,* 103 W. Va. 556. And if the warrant of a justice is for an offense of which the justice has jurisdiction to try and pronounce judgment, as the warrant stands in place of a presentment or indictment, and consequently must charge the offense with the same particularity, when the exceptions are contained in the enacting clause, and are descriptive of the offense, the exceptions must be negatived, so as to charge a complete offense under the statute. *State* v. *Harr,* 77 W. Va. 637. There was no demurrer or motion to quash in the instant case, but where an indictment or warrant is fatally defective, a motion in arrest of judgment is available, even though it would have been better practice to have called the attention of the trial court to the defect at an earlier period in the trial. 16 C. J. section 2790, p. 1258.

The trial court erred in not sustaining the motion in arrest of judgment. This conclusion renders it unnecessary to consider the remaining assignments of error.

The judgment will be reversed, the verdict will be set aside,

the motion in arrest of judgment sustained; and as the offense is now barred by the statute, the defendant will be discharged.

*Judgment reversed; verdict set aside; motion in arrest of judgment sustained; prisoner discharged.*