STATE OF WEST VIRGINIA *v.* ERMA KNIGHT

(No. 8542)

Submitted May 12, 1937. Decided June 8, 1937.

*Rollo J. Conley*, for plaintiff in error.

*Clarence W. Meadows*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant, Erma Knight, was arrested under a warrant charging that she "did unlawfully demonstrate and/or offer to demonstrate cosmetics and/or other items connected with the practice of beauty culture and barbering, she the said Erma Knight not having been first licensed by the State Committee of Barbers and Beauticians as a beauty operator, as specifically set forth in the regulation adopted by the said State Committee of Barbers and Beauticians on the 11th day of March, 1935". She was tried, convicted and fined upon an agreed statement of facts showing that she was aged sixteen years; that she received a small commission on sales of certain creams and cosmetics; that without charge she would apply her wares to the faces of such prospective purchasers as were willing; and that she is not a licensed beautician nor the apprentice of one. The statement also stipulated specifically that defendant was "charged with having violated the rules and regulations" of the committee adopted March 11, 1935.

The regulation referred to in the warrant provides "All demonstrators of cosmetics, permanent wave machines, and other items connected with the practice of beauty culture and barbering must be licensed as beauty operators before they work as demonstrators in the State of West Virginia." The regulations which the statute authorizes the committee to make are confined to "regulations governing the operation of barber shops, beauty shops and schools of barbering and beauty culture,

including the prescribing of curriculums and standards of instruction for such schools * * * regulations for the physical examination of barbers, beauticians and apprentices * * * and regulations in regard to sanitations and cleanliness in barber and beauty shops and schools of barbering and beauty culture." Acts 1933, Second Extraordinary Session, Chapter 82, Sections 3 and 12. Without conceding that the legislature could delegate to the committee authority to make the broad regulation of March 11, 1935, it is evident that the legislature did not attempt to do so.

The state has abandoned the committee regulation, and now seeks to uphold the conviction upon another theory, expressed in its brief as follows: "The warrant uses words equivalent to those employed in the statute and the allegations of the warrant with reference to the regulation adopted may be disregarded as surplusage. * * * The statute itself creates the offense without any rule and regulation." The statute referred to is section 1 of the above chapter, which provides: "It shall be unlawful for any person to practice, or offer to practice, barbering or beauty culture in this state without first obtaining a certificate of registration for such purpose from the committee (barbers and beauticians)."

We are not unfamiliar with the general rule "that the theory upon which a case was tried in the court below must be strictly adhered to on appeal". 3 Am. Jur., subject App. and Err., section 253. Accord: 5 C. J. S., *idem,* section 1503; *Thompson* v. *Beasley,* 107 W. Va. 75, 79, 146 S. E. 885; *Central Trust Co.* v. *Cook,* 111 W. Va. 637, 638, 163 S. E. 60. This rule was applied against the accused in *State* v. *Randazzo,* 318 Mo. 761, 300 S. W. 755; *State* v. *Chavez,* 19 N. M. 325, 142 P. 922, Ann. Cas. 1917B, 127; *Dunn* v. *U. S.,* 284 U. S. 390, 392, 52 S. Ct. 189, 76 L. Ed. 356, 80 A. L. R. 161; and against the state itself in *State* v. *Minor,* 318 Mo. 827, 1 S. W. (2d) 106. But if we should concede that the state, as successor to the king, like him "can do no wrong"; or if we should temporize with its disdain of the jewel, consistency, nevertheless the volte-face would profit the state nothing. For the sta-

tute evoked refers not at all to the demonstration of cosmetics, etc., as charged in the warrant; the statute refers only to the practice of barbering or beauty culture. The stipulation does not show that a demonstration would necessarily involve this practice; so the state would have us take judicial notice that it would do so. However comprehensive may be common observation of the effects of barbering and beauty culture, common information of the arts of barber and beautician is too casual for us to take judicial cognizance of the state's postulate. Furthermore, we conceive that cosmetical demonstrations could be made to barbers and beauticians themselves, as well as to the laity, in such manner and under such circumstances, as would not constitute a violation of the statute. Hence we regard the state's later theory as unsubstantial.

What the state really seeks is to have the conviction sustained upon the facts agreed, instead of upon the charge made. This is not permissible for the constitution requires that "the accused shall be fully and plainly informed" of the offense upon which the state would convict. In conformity therewith, Code, 50-18-4, has prescribed that a warrant "shall describe the offense alleged to have been committed." That description must particularize the crime alleged. *State* v. *Harr*, 77 W. Va. 637, 88 S. E. 44; *State* v. *Harless*, 105 W. Va. 480, 143 S. E. 151. One may not be accused of one offense and convicted of another. And a conviction upon a warrant like the one at bar, "stating no facts constituting an offense, is void." *State* v. *Emsweller*, 78 W. Va. 214, 88 S. E. 787, 793. Accord: *Hartford* v. *Davis*, 107 W. Va. 693, 150 S. E. 141.

The judgment is reversed and the warrant dismissed.

*Judgment reversed; warrant dismissed.*