IN

# THE SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT JULY TERM, A. D. 1838.

---

### GREENUP D. WOMSLEY *against* WILLIAM CUMMINS.

### ERROR *to Crawford Circuit Court.*

In suits against several defendants, residing in different counties, where a counterpart of the writ is issued to a county other than that in which suit is commenced, the counterpart must correspond strictly and in every respect with the original, except in its direction to a different sheriff.

A party may be permitted to quash his own writ, where there is error in it, as he can proceed no further, and it works a discontinuance.

If there be error in the counterpart, there must be error in the original, and the dismissal or quashal of one is a dismissal or quashal of the other.

A summons in which the place of holding Court is not named, is erroneous.

This was an action of debt, instituted in the Court below by the defendant in error, as assignee of Randolph & Keethley, against the plaintiff in error, and *Martha Trimble,* alias *Patsy Riggs,* joint promissors. The plaintiff in error being a resident of the county of Crawford, and his co-defendant below a resident of the county of Washington, a writ of summons issued upon the declaration, directed to the Sheriff of Crawford county, and a counterpart thereof to the Sheriff of Washington county. The summons to Crawford county ran as follows:

LITTLE
ROCK,
July, 1838.

GREENUP D
WOMSLEY
*vs.*
WILLIAM
CUMMINS.

" TERRITORY OF ARKANSAS,  Sct.
County of Crawford,

" The United States of America to the Sheriff of Crawford county, " Greeting: You are hereby commanded to summon *Greenup D.* " *Womsley* and *Martha Trimble*, alias *Patsy Riggs*, if they be found " within your bailiwick, to appear before the Judge of our Circuit " Court, at the court house in the county aforesaid," &c.; and the summons to Washington was in the same words, except that it was directed to the Sheriff of Washington county.

The writ and counterpart were regularly served, and at the return term the plaintiff below moved the Court to quash the counterpart for uncertainty, inasmuch as two counties were named in the commencement thereof, and the parties were required to appear " at the court house in the county *aforesaid;*" an uncertainty not existing in the original, although one was a literal copy of the other, except in its direction to the Sheriff of Washington—the county of Crawford only being named in the original. The Court sustained the motion, quashed the counterpart, and permitted the plaintiff below to proceed against *Womsley* alone. *Womsley* then craved oyer, which was granted him, and he pleaded *nil debet*, to which plea the plaintiff below demurred, and the demurrer was sustained, on the ground that the plea should have been sworn to, under the statute—and the plaintiff below then had final judgment upon the demurrer.

The plaintiff in error assigned for error the quashing of the counterpart of the writ, and permitting the defendant below to proceed against *Womslsy* alone, and also the sustaining of the demurrer to the plea of *nil debet*.

FOWLER, TRAPNALL, and COCKE, for plaintiff in error.

The Court on the motion of the plaintiff had no right to quash the counterpart of the writ. It was an exact copy of the other, and there was no defect on its face or in the return of the Sheriff. Therefore, as there was no defect in the writ or in the return, the Court had no reason or authority to set it aside, particularly at the instance of the plaintiff. *Steele's Digest*, 312.

The plaintiff contends further, that even under the statute of the Territory the plea was good. Vide 1st *Chitty*, 422; 1st *Salkeld*, 565; 1st *Saunders*, 38. The plea of *nil debet*, under the statute, does not put in issue the execution of the note. The plea is in the present tense, and alleges that the defendant was not indebted at the time of

bringing the suit; and, therefore, as the plea does not put in issue the execution of the note it was not necessary to support it by affidavit. See *Missouri Reports*, 487, 161, that *nil debet* and *non assumpsit* are good pleas to an action on promissory note.

CUMMINS and PIKE, *contra:* The settled practice of the country sustains the judgment of the Court below upon the demurrer to the plea of *nil debet.* It has been often decided that such a plea is not good, under the statute, to an action of debt on a promissory note. *Steele's Dig.*, *Jud. Proc.*, Sec. 23, Art. 2. See *5th Bac. Ab.* 460; 1 *Wh. Sel.* 405; 1 *Ch. Pl.* 478.476; *Gould Pl.* 310; *Steph. Pl.* 307.

As to the quashal of the counterpart, it seems clear that the plaintiff could not assign this point as error, if the quashing of the writ had been wrong and illegal, which is not the case.

This counterpart neither gave a legal right to *Womsley* nor took any from him. It neither extended nor limited his liability to the laws of the land. It was a mere matter in which the plaintiff below and *Martha Trimble* were concerned, and no one else. It was a mere suit between her and the plaintiff below, and *Womsley* was in law no wise concerned. The plaintiff in error might as well assign as error that in the case between *John Doe* and *Richard Roe* an error was committed which should operate to reverse this case. *Womsley* was not a party to the counterpart, and cannot assign for error a matter to which he was no party and in which he was not legally interested. His concern in her being a party was a mere possibility, not a legal interest. Again— Was the dismissal of the writ an act of the Court—a judicial act? It was the mere act of the plaintiff, who can dismiss any process he has power to issue. It is a clear principle that a plaintiff in error cannot assign, or obtain relief for, errors (admitting them to exist) in matters not judicially acted on by the Court below, and which are not connected with his right.

The plaintiff below had a legal election either to include Mrs. *Trimble* in the action or not; the defendant had no right to have her in Court. How then, as by the statute this cannot be denied, can the plaintiff *Womsley* complain, and reverse this judgment because she was not sought to be made a party to the judgment? There was an election given to the plaintiff below. There is no law taking it from him at any subsequent period. The books abound with authority that a plaintiff can at all times dismiss his suit or process. These exist by

LITTLE
ROCK,
July, 1838.
GREENUP D
WOMSLEY
vs.
WILLIAM
CUMMINS.
his discretion and terminate when he pleases. The general doctrine concerning writs and process (See 3 *Blackstone*, 272–3) fully sustains this position.

But this counterpart was notoriously bad on the face of it. It was issued to Washington county, and the defendant was not informed in which county she was required to appear. Two counties are mentioned in the first part of the writ, and she was commanded to appear at the court house in "said county." Now there might have been some reason for intending the county of Washington, but there can be none that Crawford was meant. A counterpart is not necessarily a literal copy of the original. A literal copy in this case is uncertain, and might in many cases be void of meaning. The counterpart should contain *the same command* with the original. That command in this case is to summon the defendant to appear in the county of Crawford. This the counterpart does not do in this case. It is therefore variant from the original, although a *literal* copy, except in the change of one word. If it vary from the original, may it not be quashed? If quashed, is the original also quashed, where the very ground of quashal is that the counterpart is bad, because it varies from the original? What is the quashal of the counterpart but a dismissal as to one defendant? May not the plaintiff at anytime dismiss as to one and proceed against the other?— Because he has a bad writ against one defendant, shall his good writ against the other avail him nothing? Sec. 3d of *Judicial proceedings* points out the nature of this writ—see, also, Sec. 15 *Digest*, p. 316.

A writ must be certain in every part and to every intent. It is no writ unless it be so. See *Com. Dig.* p. 685; 3 *Bq.* p. 699; 3 *B.* 15; 2 *Bac. Ab.* 456–7, 490.

*Womsley* was not a party to the judgment of the Court quashing the counterpart, and can neither assign it for error, nor bring error for it. That judgment affected neither his legal liabilities nor his rights. He had not then, nor has he now, any right to object to it. He could have made no motion, and predicated no action, on or under the counterpart served on his co-promissor.

DICKINSON, *Judge*, delivered the opinion of the Court: This is an action of debt, commenced by *Cummins* against *Greenup D. Womsley* and one *Martha Trimble*, alias *Patsy Riggs*. Under the act of the Legislature regulating the mode of proceeding where there are several defendants, residing in different counties, (See *Digest*, p. 312,) a counterpart of the writ issued against *Womsley* in Crawford county,

was sent to Washington and served upon *Martha Trimble*, alias *Patsy Riggs*.

LITTLE
ROCK,
July, 1838.

GREENUP D
WOMSLEY
*vs.*
WILLIAM
CUMMINS.

The writs appear to have been regularly served, and at the return term thereof the Court below, upon motion of the plaintiff, quashed the writ issued to Washington county, upon the ground that it was void, for uncertainty appearing on the face of it, and permitted the plaintiff to proceed against *Womsley* alone.

Oyer of the writing declared on was craved and granted, and the plea of *nihil debet* filed, to which a demurrer was sustained, and judgment thereupon entered in favor of the plaintiff; to reverse which, *Womsley* assigns various causes of error. In the investigation of the case we are necessarily led to an examination of the counterpart which was quashed or set aside by the Court.

The statute prescribes that in all cases where the obligor or obligors, maker or makers, of any note, bill, bond, or contract, reside in different counties, it shall be lawful for the plaintiff to institute a suit against all or as many of them as he may think proper, and it shall be lawful for the Clerk of the Court in which such suit shall be instituted, to make out a separate summons or capias, as the case may be, against the person or persons residing in a different county, directed to the Sheriff of the county or counties where such person or persons reside, and endorse on such writ that it is a counterpart of the writ issued where such suit is commenced.

It will be observed that the counterpart is but a separate summons, which the party is permitted to have, to save further litigation and the accumulation of costs.

Upon the service of the process upon the several parties, they stand precisely in the same position as if they were all residents of the same county; it follows then that if the separate summons against *Patsy Riggs*, alias *Martha Trimble*, is but a counterpart, it must correspond strictly and in every respect with the writ issued against *Womsley*, with the exception only that they are directed to different Sheriffs; if there should be a variance, it would not conform to the statute, and could consequently be taken advantage of by the party.

In this instance, it appears upon the motion of the plaintiff, the counterpart or separate summons against the defendant in Washington county was quashed for error appearing upon the face of it. That the plaintiff had a right to dismiss his case will be conceded; and though we have been unable to find a case reported in which a party had his

LITTLE
ROCK,
July, 1838.

GREENUP D

WOMSLEY
vs.
WILLIAM
CUMMINS.

own writ quashed, yet we see no reason why he should not be permitted to do so, where there is error, and it operates as a discontinuance, and he can proceed no further in his suit. But in this case, there being two defendants, he appears to have proceeded upon the ground that one summons was good and the other bad, although they are counterparts, and must correspond with each other.

The writs against *Womsley* and *Riggs*, alias *Trimble*, do correspond, and therefore if there is error in one it must consequently extend to the other, and the dismissal or quashing of the process against the former must operate in the same way upon the latter.

We are of opinion that the summons issued to Washington county was erroneous, inasmuch as the place of holding Court was not set forth therein. See *McCampbell's Digest*, p. 314. The Circuit Court should not have permitted *Cummins* to proceed any further in his suit, but have dismissed the same with costs. The judgment of the Circuit Court must therefore be reversed and set aside with costs, and further proceedings be had thereon not inconsistent with this opinion.

In this case RINGO, *C. J.*, having been of counsel, did not sit.