JAMES ORENDORFF *et al.*, Plaintiffs in Error, *v.* WILLIAM STANBERRY *et al.*, Defendants in Error.

### ERROR TO TAZEWELL.

Where a sheriff returns that he did, on the 8th day of September, 1857, serve a summons on A. B., who attempted to avoid service by concealing himself, and running from him, etc., it will be held a good service. Where the date is written at the bottom of the indorsement of service, and above the name of the officer, it is sufficient to fix the date of service.

Where there are several defendants living in different counties, the writs sent to the several counties for service may contain the names of all the defendants.

Where the venue of a writ is, "State of Illinois, Tazewell County," and the writ is directed to "The Sheriff of Logan County," commanding him to summon the defendants "to appear before the Circuit Court of said county," the uncertainty as to which of the counties the defendants are to appear in, renders the summons void.

7

THERE was judgment in this case by default against all the defendants, at the October term, 1857, of the Tazewell Circuit Court, HERRIOTT, Judge, presiding.
The case will be found stated fully in the opinion of the court.

JAMES ROBERTS, for Plaintiffs in Error.

A. L. DAVISON, for Defendants in Error.

WALKER, J.    This was an action of assumpsit, commenced in the Tazewell Circuit Court, by William Stanberry and John W. Casey, against James Orendorff, Colvey Morris, John L. Orendorff, Quintus Orendorff and Daniel Crabb.    The declaration contained special counts on two promissory notes, and the usual common counts.    On the 7th day of August, 1857, writs were issued to the sheriff of Tazewell and Logan counties, against all of the defendants, returnable on the second Monday of October, 1857.    The sheriff of Tazewell returned the writ directed to him, with the following indorsement:

Served on John L. Orendorff and Quintus Orendorff, by reading the within writ to them, August 27th, 1857.

C. WILLIAMSON, S. T. C.

James Orendorff and Colvey Morris not found in my county.   October 2, 1857.

Served on Daniel Crabb on the 8th day of September, 1857, who attempted to avoid service by concealing himself, and running from me at the time I read this process to him at the place I last saw him.

C. WILLIAMSON, S. T. C.,

N. H. McKEANE, *Deputy.*

The summons issued to the sheriff of Logan county, with the return thereon, is as follows :

TATE OF ILLINOIS, }
TAZEWELL COUNTY.  }
*The People of the State of Illinois to the Sheriff of Logan county,* GREETING :
We command you to summon James Orendorff, Colvey Morris, John L. Orendorff, Quintus Orendorff and Daniel Crabb, if found in your county, personally to appear before the Circuit Court of said county on the first day of the next term thereof, to be holden at the Court House, in the city of Pekin, on the second Monday of the month of October next, to answer unto William Stanberry and John W. Casey, in a plea of assumpsit, to the damage of the said plaintiffs, as they say, in the sum of six thousand dollars; and have you then and there this writ, and make return thereon in what manner you execute the same.

Witness, M. C. Young, clerk of the said Circuit Court, and the
[SEAL.]    seal thereof, hereto affixed at Pekin, this 7th day of August, A. D.
1857.                                    M. C. YOUNG, *Clerk,*
By DON W. MAUS, *D. C.*

Upon which writ the sheriff made the following return, which is in the words and figures as follows, to wit:

Executed this writ August 20th, 1857, by reading to the within named James Orendorff and Colvey Morris, the within named John L. Orendorff, Quintus Orendorff and Daniel Crabb, not found in the county.

G. MUSICK, *Sheriff Logan County.*

At the October term, 1857, of the Tazewell Circuit Court, judgment by default was entered against the defendants for the sum of $4,560.18, and the costs of the suit, and to reverse which they prosecute this writ of error.

It is insisted that the sheriff's return of service on Crabb is uncertain as to the time, manner and place of service. The officer expressly states in his return that he served the process by reading it to Crabb on the 8th day of September, 1857. This is the language in terms, if what is said about the attempt to evade service is rejected, and his having used that language does not change the statement as to when he served it, or that it was served by reading to defendant. It is a legal presumption that the officer acted in obedience to the command of the writ. It required him to summon the defendants, if found in Tazewell county, to appear at the next term of the Circuit Court of that county. We are not authorized to intend that he violated the command of the writ, and went beyond his territorial jurisdiction to obtain service. The return is in conformity with the requirements of the practice act, and is legally sufficient.

It was further urged that the return of service as to John L. Orendorff and Quintus Orendorff, is not sufficient to sustain the judgment, because the officer does not state in his return on what day he served the process. There is written at the bottom of this indorsement, "August 27th, 1857," and below it the officer's name. Immediately following this indorsement, is the return that he is unable to find James Orendorff and Colvey Morris, which is dated on the 2nd day of October, 1857, and then follows the return that the same writ was served on Crabb on the 8th of September, 1857, which clearly shows that the writ was not returned until after the date of this indorsement of service on John L. Orendorff and Quintus Orendorff, and until as late as the 2nd of October. This, then, clearly distinguishes this case from the case of *Ogle* v. *Coffey*, 1 Scam. R. 239. The return in that case was, "executed Oct. 18th, 1832, as commanded within." The court there say, "Whether the date specified is intended for the date of the day of service, or is the day on which the summons is returned, is wholly uncertain." In this case, however, the date cannot be the date of the return, because

the subsequent indorsement shows that the writ was still in his hands more than a month afterwards. This makes it clear that the day named was the day of its service on them.

It was also insisted that the writ to Logan should have been against the defendants alone in that county, and that as it was against them all, it is illegal and void. The second section of the practice act provides, that where there is more than one defendant, the plaintiff, commencing his action where either of them resides, may have a writ or writs issued to any county or counties where the other defendants, or either of them, may be found. This language is general, and does not limit such writs to the defendant or defendants residing in the county to which the writ may be sent. It may be more conformable to ancient usage, and we doubt not is the better practice. But under our statute we are not prepared to hold that a writ against all of the defendants, sent to a different county from that in which suit may be commenced, is void. If such writs were to result in a second service on the defendants, or either of them, the costs would be unnecessarily made, and the plaintiff would be liable for their payment.

It is again objected that the writ directed to Logan county requires the sheriff to summons defendants to appear at the next term of the Logan Circuit Court. The venue of that writ is, " State of Illinois, Tazewell county," and the writ is directed to the sheriff of Logan county, and commands him to summons the defendants to appear before the Circuit Court of said county on the first day of the next term thereof. The words, " said county," necessarily refer to one of the counties before named. Tazewell and Logan counties had both been named in a former part of the writ, and Logan having been last named, is probably the one that a literal construction would point out as referred to. But at least, it is left in doubt, from the language, which county is intended. A defendant has a right to certainly know when and where he is required to appear when summoned. This summons fails to give him that notice in regard to the court. The writ was, for that reason, void, and the court did not legally have the defendants found in Logan county, in court, when the judgment was rendered, and it was, therefore, erroneous. The judgment of the court below is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*