NORTHWESTERN BENEVOLENT AND MUTUAL AID
ASSOCIATION OF ILLINOIS
V.
LEE WOODS, GUARDIAN, ETC.

*Action on Certificate of Mutual Aid Association—Default—Presumption as to Amount of Judgment—Jurisdiction—Waiver of Statutory Privilege—Issue of Writ to Sheriff of another County—Certainty—Construction.*

1. A defendant is entitled to know from the summons where he is to appear.

2. If, taking the whole writ together, he can determine where he is required to appear, it is sufficient.

3. In the case presented, it is *held:* That a writ issued from one county to the Sheriff of another is sufficiently certain, the application of the words, "said county," being made clear by considering all the parts of the writ together.

4.   Where a statute confers a mere privilege, upon a defendant, of exemption from suit except in the county where found, he will be presumed to have waived such privilege unless he especially relies upon it by way of plea.

5.   In an action on a certificate of membership in a mutual benefit association, entitling the children of the holder to participate in its relief fund to a certain amount, or such part thereof as might be collected, as specified in the constitution and by-laws of the association, it is held by this court, in reviewing a judgment by default for the full amount of the certificate, that in the absence of a bill of exceptions it is to be presumed that the finding of the court below was supported by the evidence heard by that court.

[Opinion filed November 24, 1886.]

IN ERROR to the Circuit Court of Edwards County; the Hon. C. C. BOGGS, Judge, presiding.

Statement of the case, by PILLSBURY, J.   The record in this case shows a summons and return as follows:

STATE OF ILLINOIS, }
EDWARDS COUNTY.   } ss.

The People of the State of Illinois to the Sheriff of McLean County.   Greeting: We command you to summon the Northwestern Benevolent and Mutual Aid Association of Illinois, if it shall be found in your county, personally to be and to appear before the Circuit Court of said County on the first day of the next term thereof, to be holden at the Court House in Albion in said County on the second Monday in November, 1885, to answer unto Lee Woods, guardian of Ernest G. Mann and Herman L. Mann, in a plea of assumpsit, to the damage of said plaintiff, as he says, in the sum of $2,000; and have you then and there this writ with an indorsement thereon in what manner you shall have executed the same.

{ SEAL }   Witness William B. Tribe, Clerk of our said court and the seal thereof, at his office in Albion in said Edwards County this 3d day of July, A. D. 1885.

WILLIAM B. TRIBE, Clerk.

By CHARLES EMERSON, Deputy Clerk.

Upon which summons there appears the following indorsement and return:

STATE OF ILLINOIS, } ss
  McLEAN COUNTY. }

Executed the within writ this 7th day of July, 1885, by reading it and delivering a true copy of the same to Peter Whitmer, President of the Northwestern Benevolent and Mutual Aid Association of Illinois, as I am therein commanded. W. H. SWAIM, Sheriff.

C. W. HITCH, Deputy.

A declaration was filed from which it appears that on the 27th day of December, A. D. 1883, the defendant below issued a certificate of membership to Malinda T. Mann in and by which she was entitled to participate in the beneficiary or relief fund of the association to the amount of $3,000 or such part as should be collected in accordance with the constitution and by-laws, payable within sixty days after her death, $2,000 to John C. Mann, her husband, and $1,000 to her children. This $1,000 to the children is involved in this suit. On the first day of the term the defendant was defaulted and the court heard the evidence and assessed the damages at $1,000 for which judgment was rendered and the defendant sued out a writ of error and had the record removed into the court.

Messrs. McNULTA & WELDON and HAMILTON SPENCER, for plaintiff in error.

It was unlawful to issue the writ in this case to the Sheriff of McLean County, and all proceedings under it are void. Starr & C. Statutes, 1771, Sec. 1; 1773, Sec. 2; 1775, Sec. 3; 1350, Sec. 130.

The writ upon its face is void for uncertainty, in commanding the defendant to appear before the Circuit Court of McLean County, at the court house in Albion, in said county. Orendorff v. Stanberry, 20 Ill. 89; Gill v. Hoblit, 23 Ill. 473.

This action not being within the exceptions named in the statute, and the defendant, as shown by the record, being a resident of McLean County, and not found elsewhere, suit against it elsewhere is expressly prohibited and made unlawful. Facts shown by the record need not be pleaded. This

record shows all facts requisite to make a good plea to the jurisdiction. Humphrey v. Phillips, 57 Ill. 137.

It appears, upon the facts of the record, that this is not a local action; that there is but one defendant, which is not a railroad or bridge company, and that the home of this defendant is Bloomington, Illinois, and that this suit was not brought under the attachment laws of this State. By section 2 of the Practice Act, it is provided: " It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides, or may be found, except in local actions."

Messrs. ROBINSON & JOHNS, for defendant in error.

PILLSBURY, J. The assignment of errors upon this record questions the action of the court in assuming jurisdiction over the defendant upon the grounds:

First, that the summons was void upon its face for uncertainty as to where the defendant was to appear; and second, that the summons was issued to a foreign county. It is claimed under the first ground that the summons being directed to the Sheriff of McLean County commanding him to " summon the defendant, if it shall be found in your county, to appear before the Circuit Court of said county, on the first day of the next term thereof, to be holden at Albion in said county on, etc.," is so uncertain as to where the defendant is to appear as to render the process void. Under the rule announced in Orendorff v. Stanberry, 20 Ill. 89, and Gill v. Hoblit, 23 Ill. 473, if the above quotation from the writ was all that appeared therein to apprise the defendant of the place where it was to appear, we should be obliged to hold that it fell within the cases named; but it is to be noticed that in the attestation clause of the writ in this case, the county of the venue is named as well as the town from which the writ issued, and therein is the case distinguished from those cited; the defendant is required to appear at a Circuit Court to be holden in *Albion in said county* and the uncertainty consists in determining whether " said county " refers to the county of the Sheriff serving the writ or to the county of the

clerk issuing it as stated in the venue of the writ; but when it is remembered that the place where the court is to be held is not only named in the body of the writ, but is also stated in the attestation clause as being in "said Edwards County," it is made quite certain that "Albion in said county" named in the body of the writ refers to "Edwards County" as named in the venue of the writ and not to the County of McLean, to the Sheriff of which the writ is directed to execute, as was held in the case cited from the 23d Ill. "A defendant has the right to certainly know where he is to appear," and when the writ fails to give him this knowledge he has the right to remain quiet and do nothing, as was held in Gill v. Hoblit, 23 Ill. 473. But if taking the whole writ together, the defendant can see therefrom where he is required to appear, it would seem that he could not be misled to his prejudice, and in such case the object of process would be sufficiently accomplished. The Sheriff returns that he served the writ by reading it to the president of the company and giving him a true copy of it, and the presumption must be indulged that his return is true, and if so, can it for a moment be supposed that any man of reasonable intelligence with a copy of the entire writ before him would conclude that Albion, the place designated for the defendant to appear, was in McLean County. It is stated in another part of the writ to be in Edwards County, and it would require extreme credulity to believe that the county seat of each county was a town or city named Albion. As the writ informed him that the defendant was to appear at Albion and in which county Albion was situated, the ambiguity that appeared upon the face of the writ in the two cases relied upon does not exist in this case.

As to the second ground urged in support of the objection that the court below had no jurisdiction, it is sufficient to observe that the statute confers a mere privilege upon the defendant which he can waive, and will be deemed to have done so unless he shall especially rely upon it by way of plea. Such is the holding of the court in Drake v. Drake, 83 Ill. 626, where it is said that all the cases since Kenney v. Greer, 13 Ill. 432, agree in this construction of the statute. No plea was

interposed in this case, and the plaintiff in error is not in a position to rely upon the objection.

It is objected to the judgment that it is for a sum certain, when the certificate gave the right only to participate in a relief fund to the amount of $3,000, or such part thereof as may be collected, etc.    The record shows that the court heard evidence and assessed the damages, and there being no bill of exceptions, we are to presume that the evidence was such as to support the finding of a certain sum.    From aught that appears in the record the court may have found from the evidence that all the requirements of the constitution and by-laws relating to the collection of the mortuary benefit provided for in this certificate had been complied with, and that the defendant had the money on hand at the commencement of this suit, but was wrongfully withholding it from the plaintiff.    If so, we can not see wherein the judgment was not properly entered for the amount of the certificate.    We find no substantial error, and the judgment will be affirmed.

*Judgment affirmed.*