# CHARLESTON

### ROUSEY *v.* STILWAGON.

Submitted September 10, 1910. Decided April 2, 1912.

1. EXECUTION—*Motion to Quash—Validity of Judgment.*

    On a motion to quash an execution issued upon a judgment of a justice of the peace by the clerk of a circuit court in whose office a transcript of such judgment has been filed, pursuant to sec. 118, ch. 50, Code 1906, the court may inquire into jurisdictional matters affecting the validity of the judgment, and, if the judgment is void, may quash the execution. (p. 571).

2. JUSTICES OF THE PEACE—*Procedure—Judgment—Process to Sustain Judgment.*

    A summons issued by a justice of the peace which names the

magisterial district, but not the county whereto the defendant
is cited to appear, is defective; and a default judgment rendered
thereon is void.   (p. 571).

Error to Circuit Court, Cabell County.

Action by Ellen Rousey against E. L. Stilwagon.   Judgment
for defendant, and plaintiff brings error.

*Affirmed.*

*Blackwood & Saunders,* for plaintiff in error.

*Livezey & Hogsett,* for defendant in error.

WILLIAMS, JUDGE:

This writ of error was awarded, on the petition of Ellen
Rousey, to a judgment of the circuit court of Cabell county,
rendered on the 13th of April, 1910, ·quashing an execution
issued by the clerk of said court, upon a default judgment ren-
dered by a justice of the peace of said county in her favor against
E. L. Stilwagon, a transcript of which had been filed in said
clerk's office, pursuant to sec. 118, ch. 50, Code 1906.

The record presents the question of the sufficiency of the jus-
tice's summons as a notice to defendant of the place at which
he was summoned to appear.  If the notice was defective, the
justice did not lawfully acquire jurisdiction over defendant and
had no authority to render a default judgment.  *Moore* v. *Holt,*
55 W. Va. 507.

On the motion to quash the execution, due notice of which
had been given, the court could inquire into the justice's juris-
diction, and if there was lack of jurisdiction, it would render
the judgment void, and the court could quash the execution
issued thereon by the clerk, for an execution on a void judgment
is a nullity. 17 Cyc. 1153; *Baeur* v. *Baeur,* 40 Mo. 61; *Holzhour*
v. *Meer,* 59 Mo. 434; *Rowe* v. *Peckham,* 30 N. Y. App. Div. 173;
1 Freeman on Executions (3rd ed.), sec. 73a; *Blair* v. *Hender-
son,* 49 W. Va. 282; and *Schultze* v. *State,* 43 Md. 295.

The justice's summons fails to lay the venue in any county.
It cited the defendant to appear before the justice at his office
"in the District of Grant, in said County."  But the name of
the county nowhere appears on the writ, and the words, "said
county," are, therefore, unintelligible.  The name of the magis-

terial district alone, is not a sufficient designation of the place to which defendant was summoned. There may be many magisterial districts by the name of Grant in the state of West Virginia; and the failure to name the county in which the particular magisterial district named is situate, makes uncertain the place intended, and renders the summons void.

A question, analogous to the one under consideration, was decided by the supreme court of Illinois in *Gill* v. *Hoblit,* 23 Ill. 473, in which it was held that a summons, issued from Logan county directing a sheriff of Cook county to summon a defendant in his county to appear at Lincoln "in said county," was void. The following authorities relate to similar questions, and support our conclusion: 32 Cyc. 431; 20 A. & E. E. L. (1st ed.), 510; *Orendorff* v. *Stanberry,* 20 Ill. 89; *Womsley* v. *Cummins,* 1 Ark. 125. In *Murdy* v. *McCutcheon,* 95 Pa. 435, a summons, issued by a justice of the peace, was held fatally defective because it did not name the township in which the justice's office was.

Moreover, the summons in this case is not a substantial compliance with sec. 26 of the justice's code, which prescribes the form thereof. In the form a blank space is left for the name of the county, and, by necessary implication, the blank must be properly filled in order to complete the summons, and constitute it a substantial compliance with the mandate of the statute. The judgment will be affirmed.

*Affirmed.*