FRED PETTRY *et al. v.* G. C. HEDRICK

(No. 9285)

Submitted January 20, 1942. Decided March 3, 1942.

*George W. Williams* and *A. D. Preston,* for plaintiff in error.

*Ashworth & Sanders,* for defendant in error.

FOX, PRESIDENT:

Fred Pettry prosecutes this writ of error to a judgment of the Circuit Court of Raleigh County, entered against him on a directed verdict, in an action at law in which he was plaintiff and G. C. Hedrick defendant. The action of the court was based upon its view of the force and effect of a judgment entered in an action before a justice, in which D. C. Wade, Trustee, was plaintiff and Fred Pettry and May Pettry, his wife, were defendants.

This case was once before this Court on certification, *Pettry v. Hedrick,* 123 W. Va. 107, 13 S. E. (2d) 401. The trial was had on plaintiff's second amended declaration,

and the allegations thereof are fully set out in this Court's former opinion, and need not be repeated. Suffice it to say that the gravamen of the plaintiff's charge against the defendant was that he, the defendant, unlawfully took possession of certain household goods of the plaintiff, resulting in damage to him. Among others, there was the allegation that a certain written contract and deed of trust between plaintiff and his wife and the defendant had been altered by the defendant to the prejudice of the plaintiff. The defense relied upon by the defendant was that, on the basis of this contract and deed of trust, the trustee thereunder secured a judgment for the possession of the property in question, in an action of detinue, on which a writ of possession was awarded; that the possession of the property in question taken by a constable, acting under the writ of possession; and that the judgment operated as *res adjudicata* as to plaintiff's claim herein. There is no denial of the alteration of the contract and deed of trust.

In our former opinion we sustained the plaintiff's declaration, and, referring to the judgment now relied upon as a defense, stated that "* * * we do not believe that the judgment in favor of Wade, trustee, constitutes a justification for the alleged conduct of the defendant, Hedrick." Notwithstanding this holding on our part, the trial court based its action in directing a verdict for the defendant upon what he thought was a valid judgment in favor of Wade, Trustee, in the action of detinue above mentioned.

The action of the trial court must be reversed on this point alone. The judgment in question was void, and being void was subject to collateral attack. "A void judgment is no judgment at all, but a mere nullity and may be assailed in any court, anywhere, whenever any claim is made or rights asserted under it." 6 Digest Va. and W. Va. Rep. 332, and cases there cited.

There appears to be no dispute as to what actually occurred in the justice's court. The transcript read in evidence, which is *prima facie* proof of what occurred, and which is supported by oral testimony, discloses that D. C.

Wade, Trustee, on November 4, 1938, instituted an action of detinue against Fred Pettry and May Pettry before E. E. Lilly, Justice of the Peace, returnable November 14th, seeking possession of the household goods mentioned in the contract and deed of trust. The case was continued to November 21st and from that date to December 12th, when the defendants appeared in person and by attorney, and plaintiff appeared by attorney, and the following proceedings had as shown by the transcript: "This case came on to be further heard this 12th day of December, 1938. Both sides were present and agreed to submit it on agreed state of facts, and is continued to some future date, time not set." It will be observed that the only agreement was that the case should be submitted on agreed statement of facts. There was no agreement to continue to any date. It was merely continued by the justice to some future time, not fixed. No further notation appears in the transcript as to any action in the case until the 1st day of September, 1939, when, as shown therein, this action was taken: "Now on this 1st day of September, 1939, at 4:00 p. m. personally appeared atty. for plaintiff also atty. for the defendants. After hearing argument of counsel, it is the judgment of this court that the plaintiff is entitled to a judgment from the defendants and recover from the defendants the following described property:". Then follows a description of the property.

While the language of the transcript is confusing, we think it means that there was no submission of the case on agreed facts on December 12, 1938. If there was such submission, then the judgment entered on September 1, 1939, is void because not rendered within twenty-four hours thereafter. Code, 50-13-6. *Tsutras* v. *Farrar*, 109 W. Va. 509, 155 S. E. 655. We treat the case as one where, on December 12, 1938, it was contemplated that the facts would be agreed on later.

The justice was without jurisdiction to enter any judgment in the case on September 1, 1939. The steps necessary to retain jurisdiction thereof on his part had not been taken. There are many ways by which a justice may retain jurisdiction of an action pending before him. Code,

50-4-25 to 28 defines the rights of parties with respect to continuance of cases instituted before a justice. Section 25 gives the defendant continuance as a matter of right, if he makes oath that he has a just defense thereto, or is justly entitled to a credit or counterclaim not admitted by the plaintiff; section 26 provides that the justice may, where the defendant is not in custody, without the consent of either party, continue the case for not over seven days; section 27 provides that the justice may for cause shown continue a case for a reasonable time; and section 28 provides that "unless both parties consent, no continuance shall be granted to a time beyond three months after the return of the summons served." In *Pocahontas Wholesale Grocery Co.* v. *Gillespie,* 63 W. Va. 578, 60 S. E. 597, this section was construed to mean that the act of a justice, in continuing a case from week to week for an aggregate period of more than three months before final judgment, if neither party was present and insisting on his right under sections 59 to 63 of Chapter 50 of the Code of 1923, then applicable, amounted to a mere irregularity, and not a discontinuance of the case, or an ouster of his jurisdiction. Under this holding, if the justice, in this case, had, on his own motion continued the case from time to time, and not more than three months at any one time, his action would have been treated as a mere irregularity, and he would not have been ousted of jurisdiction. This he did not do. He merely continued the same "to some future date, time not set." Therefore, he took no legal steps to retain jurisdiction. According to a reading of the transcript, the litigants made no agreement whatever with respect to the continuance. They might have agreed upon a continuance of the case to a definite time even beyond the three-months period, but they did not do so. In these circumstances, the case abated, and the justice lost jurisdiction to further hear or decide the same. Public policy requires that cases before justices of the peace, as well as other courts, should be promptly disposed of, and every consideration of orderly procedure impels us to the conclusion that loose, indefinite actions of a justice, such as have been shown

herein, are insufficient to retain in him jurisdiction of an action instituted before him. Therefore, we hold that the alleged judgment of September 1, 1939, was a nullity, and the transcript thereof was improperly admitted as evidence in the trial of the case at bar.

This disposes of the crucial question involved. However, as there may be a re-trial of the case, it is not improper to say it is not one where an attempt is made to recover damages on account of the fraudulent securing of a judgment. Such an action could not be maintained on a merely erroneous judgment between the same parties, while that judgment was in force. There would have to be a direct attack on the judgment itself, and a setting aside thereof, before legal action could be taken to recover damages growing out of the act of securing the same. *Schultz* v. *Schultz,* 136 Ind. 323, 43 Am. St. Rep. 320. Cases cited to the effect that a judgment, valid on its face, can not be attacked in a collateral proceeding do not apply. Here, according to our holding, the transcript of the judgment in no way contradicted, shows on its face that the justice had no jurisdiction to render any judgment in the case. It is not necessary to consider the question of whether or not the judgment in favor of Wade, Trustee, even if valid, was *res adjudicata,* because, being void, it had no effect whatever. Therefore, for this reason alone, the demurrer to the plea of *res adjudicata* should have been sustained. It is unnecessary to pass upon the question of the identity of the parties in the two proceedings, as bearing on the application of the rule governing *res adjudicata,* and we do not do so.

The judgment of the Circuit Court of Raleigh County is reversed and the case remanded for a new trial.

*Reversed and remanded.*