STATE EX REL. DONALD MICK

v.

IRA M. COINER, *Warden, etc.*

(No. 10891)

Submitted May 14, 1957.  Decided May 15, 1957.

*Harold A. Bangert, Jr.,* for relator.

*W. W. Barron,* Attorney General, *Fred H. Caplan,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

The relator, Donald Mick, a prisoner in the State Penitentiary at Moundsville, West Virginia, invoked the original jurisdiction of this Court by filing with it, on March 27, 1957, his petition for a writ of habeas corpus ad subjiciendum to be directed to Ira M. Coiner, Warden of that penal institution. A writ was issued by this Court on April 29, 1957, commanding the respondent to produce the body of the relator before this Court on May 14, 1957, and show cause why he restrains the relator from his liberty. On that date, the respondent produced the relator before this Court, but made no formal defense to the writ. A certified copy of the indictment, to which the relator pleaded guilty in the Circuit Court of Pendleton County, shows that he was charged with making a felonious assault upon, and carnally knowing, "one Rebecca Bennett, a female child, not his wife, under the age of sixteen years, of previous chaste character, * * *." The indictment is for the crime of "statutory" rape, and does not allege that the relator was a male person over the age of sixteen years.

In *State ex rel. Cain* v. *Orel J. Skeen, Warden, etc.*, 137 W. Va. 806, 74 S. E. 2d. 413, this Court held that such an indictment is void if it does not allege that the defendant is "a male person over the age of sixteen years." Art. III, Section 14, Constitution of West Virginia. In *State of West Virginia* v. *Herman Ray*, 122 W. Va. 39, 7 S. E. 2d. 654, this Court had held that an indictment which did not contain that language was fatally defective upon demurrer. This proceeding is controlled by the *Cain* case.

Inasmuch as the indictment to which the defendant entered a plea of guilty, and by virtue of which he is now confined in the State Penitentiary at Moundsville, is void, this Court holds and directs that upon the writ of habeas corpus ad subjiciendum, heretofore issued, the respondent shall forthwith release the relator from custody.

*Relator discharged.*