STATE OF WEST VIRGINIA EX REL. LANTY V. B. VANCE

V.

EARL W. ARTHUR, *Justice Of The Peace, etc., et al.*

(No. 10887)

Submitted May 1, 1957.   Decided May 28, 1957.

*W. W. Barron*, Attorney General, *George G. Burnette, Jr.*, Assistant Attorney General, *W. Bernard Smith*, Assistant Attorney General, *E. W. Salisbury* for respondents.

HAYMOND, JUDGE:

This is an original proceeding in mandamus in this

Court in which the petitioner, Lanty V. B. Vance, seeks a writ to compel the defendant Earl W. Arthur, a justice of the peace of Charleston District, Kanawha County, and the successor in that office to Forrest Sevy, formerly a justice of the peace of Charleston District, Kanawha County, to vacate and set aside a judgment convicting the petitioner of the offense of driving a motor vehicle while under the influence of intoxicating liquor rendered by Forrest Sevy, a justice of the peace of Charleston District, Kanawha County, April 23, 1952; to compel the defendant Frankie Williams, judge of the municipal court of the City of South Charleston, to vacate and set aside a judgment convicting the petitioner of the offense of driving a motor vehicle while under the influence of intoxicating liquor rendered by him January 17, 1955; to compel each of these defendants to certify his action in vacating such judgment to the defendant Joseph H. Condry, commissioner of motor vehicles of West Virginia; and to compel the defendant Joseph H. Condry, commissioner of motor vehicles of West Virginia, to determine the validity of the judgments, to vacate and set aside his order of January 27, 1955, by which he revoked for a period of ten years the license previously issued to the petitioner to operate a motor vehicle, and to reinstate the license of the petitioner.

The proceeding was submitted for decision upon the petition, the separate demurrers of the defendants, and the briefs and the oral arguments of the attorneys for the respective parties.

The material facts are not disputed and the questions presented are questions of law.

The petitioner bases his right to relief in this proceeding on the propositions that the judgments convicting him of the offense of driving a motor vehicle while under the influence of intoxicating liquor are void, that the abstracts of those judgments certified to the department of motor vehicles by the justice and the clerk of the municipality, as provided by Section 4, Article 3, Chapter

17B, Chapter 129, Acts of the Legislature, 1951, Regular Session, the judgments being of no force or effect, do not constitute a proper basis for the order of the commissioner revoking the license of the petitioner, and that the order of the commissioner is null and void.

The defendants resist the issuance of the writ on various grounds. The defendant Arthur insists that he does not have jurisdiction to vacate the judgment rendered by his predecessor in office April 23, 1952; the defendant Williams contends that the petitioner has failed to exercise an adequate remedy by an appeal from the judgment rendered January 17, 1955, that his right to relief is barred by limitation or laches, and that mandamus does not lie; and the defendant Condry contends that he is without authority to determine the validity of the judgments rendered against the petitioner, that it is his mandatory duty, upon the record of the judgments certified to the department, to revoke the license of the petitioner, and that his order of revocation violates no legal right of the petitioner.

On April 15, 1952, the petitioner was arrested without a warrant by a member of the West Virginia Department of Public Safety on U. S. Route 60 west of the City of Saint Albans, in Kanawha County, for the offense of operating a motor vehicle while under the influence of intoxicating liquor. He was not immediately taken before a justice of the peace but instead was brought to the jail of Kanawha County by the arresting officer and by him informed that he could appear before Forrest Sevy, a justice of the peace of Charleston District, Kanawha County, and plead guilty and pay a fine, which he did on April 23, 1952. The justice fined the petitioner $50.00 and costs, revoked his operator's license for a period of six months, and certified an abstract of the judgment to the department of motor vehicles. No complaint charging the petitioner with an offense was filed and no warrant was ever issued by the justice in connection with the offense to which he entered a plea of guilty; and the offense of which he was con-

victed was not committed by the petitioner in the presence of the justice of the peace or in the presence of a constable.

On December 18, 1954, the petitioner was again arrested, also without a warrant, in the City of South Charleston, Kanawha County, by two police officers of that city for the offenses of appearing in an intoxicated condition in a public place, leaving the scene of an automobile accident, and driving a motor vehicle while under the influence of intoxicating liquor. He was taken to the city jail, was released on bond, and was directed to appear before the judge of the municipal court of the City of South Charleston on January 17, 1955. When he appeared at that time the judge informed him of the three charges against him and told him that the charges except the charge of driving a motor vehicle while under the influence of intoxicating liquor would be dismissed, that the charge of driving a motor vehicle while under the influence of intoxicating liquor would be dealt with by the judge as a first offense by the petitioner, and that upon a plea of guilty his operator's license would be revoked for a period of six months. The petitioner entered a plea of guilty to that offense, and the judge imposed a fine of $54.00 and costs, revoked the license for a period of six months, and certified an abstract of the judgment to the department of motor vehicles. The offense of which the petitioner was convicted, though committed in the presence of the arresting officers, was not committed in the presence of the judge of the municipal court or in the presence of a justice of the peace or a constable. No warrant charging the petitioner with the offense to which he pleaded guilty was issued in connection with the proceeding before the judge of the municipal court.

Upon the record of the department of motor vehicles showing the two convictions of the petitioner of the offense of driving a motor vehicle while under the influence of intoxicating liquor within a period of five years, the defendant Condry, commissioner of motor vehicles, by order of January 27, 1955, revoked the operator's license of the petitioner for a period of ten years.

After the commissioner issued his revocation order of January 27, 1955, the petitioner appeared by counsel before the defendant Arthur, the successor in office to Forrest Sevy, as justice of the peace, the records of which office are in the lawful custody of the defendant Arthur, and moved the defendant Arthur to set aside and vacate the judgment rendered by Forrest Sevy, while a justice of the peace, on April 23, 1952, and the abstract of that judgment, on the ground that such judgment is null and void because not based upon a valid warrant, and by order so to correct the records of Forrest Sevy and to forward such order to the defendant Condry. The petitioner also appeared before the judge of the municipal court and made a similar motion in connection with the judgment rendered by him on January 17, 1955, and the abstract of that judgment. In each instance the motion of the petitioner was refused. The petitioner also offered to present to the defendant Condry the records of the justice of the peace and the municipal court relating to each judgment and abstract and made demand that, upon consideration of the judgments and the abstracts, he declare them to be void, and that he vacate and set aside his revocation order of January 27, 1955, and reinstate the operator's license of the petitioner. After the defendant Condry refused to comply with that demand the petitioner instituted this original proceeding in this Court to require the defendants to perform the foregoing acts.

Section 2, Article 18, Chapter 50, Code, 1931, provides that "Proceedings before a justice shall be by warrant of arrest in the name of the State, except that when an offense of which the justice has jurisdiction is committed in his presence, or in that of a constable, either of them may forthwith apprehend the offender or cause him to be apprehended, and in such case the offender may be tried before the justice and dealt with according to law, without such warrant." Section 4 of the same article and chapter contains these provisions: "The warrant of arrest shall be issued only on the information, under oath, of some credible person. It shall describe the offense alleged to have been committed, as heretofore required in

such cases by law, and command the officer forthwith to apprehend the accused and bring him before the justice, to be dealt with according to law."

Under the foregoing statutory provisions, a criminal proceeding before a justice of the peace must be based upon a warrant, unless the offense is committed in the presence of the justice or a constable, and the warrant must be issued on an information under oath of a credible person and must sufficiently describe the offense alleged to have been committed by the accused. Compliance with these requirements is essential to enable the justice to render a valid judgment when the offense is not committed in his presence or that of a constable. The judge of the municipal court is ex officio justice of the peace and as such he is vested with the same power and must follow the same procedure as a justice of the peace in the exercise of jurisdiction conferred by statute in the trial of criminal cases. The judgment rendered by Forrest Sevy, a justice of the peace, on April 23, 1952, and the judgment rendered by the judge of the municipal court as ex officio justice of the peace on January 17, 1955, did not satisfy the requirements of Section 2 and Section 4, Article 18, Chapter 50, Code, 1931, or the requirement of Section 14, Article III, of the Constitution of this State, which provides that in all trials of crimes and misdemeanors the accused shall be fully and plainly informed of the character and cause of the accusation. For these reasons each judgment was void. *Austin* v. *Knight,* 124 W. Va. 189, 20 S. E. 2d 897; *Workman* v. *Shaffer,* 112 W. Va. 338, 164 S. E. 299; *State ex rel. Constanzo* v. *Kindelberger,* 88 W. Va. 131, 106 S. E. 434; *State* v. *Emsweller,* 78 W. Va. 214, 88 S. E. 787; *State ex rel. Marcum* v. *Ferrell,* 140 W. Va. 202, 83 S. E. 2d 648; *State ex rel. Cain* v. *Skeen,* 137 W. Va. 806, 74 S. E. 2d 413; *State* v. *Stollings,* 128 W. Va. 483, 37 S. E. 2d 98; *State* v. *Knight,* 119 W. Va. 6, 191 S. E. 845; *Scott* v. *Harshbarger,* 116 W. Va. 300, 180 S. E. 187.

In *Austin* v. *Knight,* 124 W. Va. 189, 20 S. E. 2d 897, this Court held in the syllabus that "Under Code, 50-18-2,

proceedings before a justice shall be by warrant in the name of the State, except that when an offense of which the justice has jurisdiction is committed in his presence, or in that of a constable." In that case one of the contentions of the accused was that the justice, Knight, did not have jurisdiction of the accused because he sentenced and committed him to jail without a proper warrant. In discussing that contention in the opinion this Court said: "We think there is merit in this contention. In this jurisdiction a warrant is prerequisite to trial and conviction by a justice of the peace of a person charged with an offense, except where the offense is committed in his presence or in the presence of a constable. Code, 50-18-2. Code, 50-18-4, provides for the issuance of a warrant by a justice 'only on the information, under oath, of some credible person,' and requires a description of the offense alleged to have been committed. Since the offense of which petitioner was convicted was not committed in the presence of the justice or constable, a warrant was prerequisite to petitioner's trial and conviction." The opinion also contains these statements: "If a warrant did exist, it was, presumably, in the custody of the justice. Knight testified that there was in fact a warrant, but, according to his own testimony, it was only after the prisoners were sentenced and committed to jail that he went to his office and there filled out the warrants. Knight admits that this is his customary practice in the matter of issuing warrants. This practice followed by Knight in the instant case is not pursuant to the procedure contemplated by the statute, and there being no warrant at the time of plea and conviction, Knight, as justice of the peace, was without jurisdiction to commit petitioner to the county jail." That case was a habeas corpus proceeding in which the judgment was collaterally attacked on the ground that it was void and this Court, regarding the judgment as void, released the accused from the imprisonment imposed by the void judgment.

In the recent habeas corpus proceeding of *State ex rel. Mick* v. *Coiner*, 142 W. Va. 710, 98 S. E. 2d 1, this Court held that a judgment sentencing the accused

to confinement in the penitentiary, based upon a void indictment for the crime of statutory rape, was void and released the accused from imprisonment under the void judgment. See also *State ex rel. Cain* v. *Skeen,* 137 W. Va. 806, 74 S. E. 2d 413. This Court has also held in numerous cases that a judgment of a justice of the peace in a case in which the justice failed to comply with jurisdictional requirements of statutory provisions was void because the failure of the justice to comply with such requirements deprived him of jurisdiction to render such judgment. See *Pettry* v. *Hedrick,* 124 W. Va. 113, 19 S. E. 2d 583; *Rousey* v. *Stilwagon,* 70 W. Va. 570, 74 S. E. 732, Ann. Cas. 1914A, 1084; *Stanton-Belment Company* v. *Case,* 47 W. Va. 779, 35 S. E. 851; *Parsons* v. *Aultman, Miller and Company,* 45 W. Va. 473, 31 S. E. 935.

A judgment of a justice of the peace, convicting the accused of an offense of which the justice has jurisdiction but which was not committed in his presence or in the presence of a constable, rendered in a criminal case in which no valid warrant was issued before the rendition of the judgment, is void by reason of the failure of the justice to comply with the requirements of Sections 2 and 4, Article 18, Chapter 50, Code, 1931, and Section 14, Article III, of the Constitution of this State.

A void judgment is a mere nullity and is of no valid force or effect. *Pettry* v. *Hedrick,* 124 W. Va. 113, 19 S. E. 2d 583; *Rousey* v. *Stilwagon,* 70 W. Va. 570, 74 S. E. 732, Ann. Cas. 1914A, 1084; *Roberts* v. *Hickory Camp Coal and Coke Company,* 58 W. Va. 276, 52 S. E. 182; *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Morgan* v. *Ohio River Railroad Company,* 39 W. Va. 17, 19 S. E. 588; *Fowler* v. *Lewis,* 36 W. Va. 112, 14 S. E. 447; *Hall* v. *Hall,* 30 W. Va. 779, 5 S. E. 260; *Livey* v. *Winton,* 30 W. Va. 554, 4 S. E. 451; *White* v. *Foote Lumber and Manufacturing Company,* 29 W. Va. 385, 1 S. E. 572, 6 Am. St. Rep. 650; *Sturm* v. *Fleming,* 22 W. Va. 404; *Haymond* v. *Camden,* 22 W. Va. 180; *Grinnan* v. *Edwards,* 21 W. Va. 347; *Ambler* v. *Leash,* 15 W. Va. 677.

A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment. *State ex rel. Lovejoy* v. *Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268; *Bennett* v. *Bennett*, 137 W. Va. 179, 70 S. E. 2d 894; *Stephenson* v. *Ashburn*, 137 W. Va. 141, 70 S. E. 2d 585; *Cable* v. *Cable*, 132 W. Va. 620, 53 S. E. 2d 637; *Evans* v. *Hale*, 131 W. Va. 808, 50 S. E. 2d 682; *Pettry* v. *Hedrick*, 124 W. Va. 113, 19 S. E. 2d 583; *Perkins* v. *Hall*, 123 W. Va. 707, 17 S. E. 2d 795; *Hayhurst* v. *Kenny Transfer Company*, 110 W. Va. 395, 158 S. E. 506; *New Eagle Gas Coal Company* v. *Burgess*, 90 W. Va. 541, 111 S. E. 508; *Jones* v. *Crim*, 66 W. Va. 301, 66 S. E. 367; *Roberts* v. *Hickory Camp Coal and Coke Company*, 58 W. Va. 276, 52 S. E. 182; *St. Lawrence Company* v. *Holt*, 51 W. Va. 352, 41 S. E. 351; *Hoback* v. *Miller*, 44 W. Va. 635, 29 S. E. 1014; *Fowler* v. *Lewis*, 36 W. Va. 112, 14 S. E. 447; *Haymond* v. *Camden*, 22 W. Va. 180; *Camden* v. *Haymond*, 9 W. Va. 680; 11 Michie's Jurisprudence, Judgments and Decrees, Section 145; 11 Michie's Jurisprudence, Jurisdiction, Section 9.

In 11 Michie's Jurisprudence, Jurisdiction, Section 9, the text contains these statements:

"If a court does not have jurisdiction, it is a matter of no importance, however correct its proceedings and decisions may be; its judgments are nullities, and may not only be set aside in the same court, but may be declared void by every court in which they are called in question. Any court may examine collaterally into the jurisdiction of another court to pass on questions of title to property, and if the other court has done an act coram non judice, it may be disregarded altogether.

"If the court exceeds its jurisdiction over the subject matter, its decrees are nullities to that extent and may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner, and may be declared void by every court in which they are called in ques-

tion. Want of jurisdiction affirmatively appearing on the face of the proceedings makes the judgment even of courts of general jurisdiction null, and they may be so treated by any court in any proceeding, direct or collateral."

Though the petitioner prays that the defendant Arthur be required to set aside and vacate the judgment rendered by his predecessor in office Forrest Sevy, as justice of the peace on April 23, 1952, and to certify such action to the commissioner of motor vehicles and that the defendant Williams, judge of the municipal court, be required to set aside and vacate the judgment rendered by him on January 17, 1955, and to certify such action to the commissioner of motor vehicles, the principal relief, with respect to such judgments, sought by the petitioner in this proceeding is to avoid their effect and to prevent their enforcement against his right to a license to operate a motor vehicle. To the extent that he seeks a judicial declaration in this proceeding that the foregoing judgments are void, and for that reason of no force and effect, this proceeding constitutes a collateral attack upon the judgments. *Adkins* v. *Adkins*, 142 W. Va. 646, 97 S. E. 2d 789; *McKnight* v. *Pettigrew*, 141 W. Va. 506, 91 S. E. 2d 324; *Nelson Transfer and Storage Company* v. *Jarrett*, 110 W. Va. 97, 157 S. E. 46; *New Eagle Gas Coal Company* v. *Burgess*, 90 W. Va. 541, 111 S. E. 508; *Ex Parte Mooney*, 26 W. Va. 36; 49 C. J. S., Judgments, Section 408b. The judgments, being void, are subject to collateral attack in this proceeding in mandamus.

It is clear that neither the act of the petitioner in entering a plea of guilty to the offense of driving a motor vehicle while under the influence of intoxicating liquor in each proceeding in which the judgment convicting him of that offense was rendered, nor his failure to apply for an appeal from each judgment within a reasonable time after its rendition, precludes him from attacking the judgments in a collateral proceeding in which he seeks to avoid and defeat their effect and to prevent their enforcement. See *State ex rel. Mick* v *Coiner*, 142 W. Va.

710, 98 S. E. 2d 1; *State ex rel. Cain* v. *Skeen*, 137 W. Va. 806, 74 S. E. 2d 413; *Austin* v. *Knight*, 124 W. Va. 189, 20 S. E. 2d 897.

The petitioner prays that the defendant Condry, commissioner of motor vehicles, be required to hold a hearing to determine the validity of the judgments rendered against the petitioner and to set aside and vacate the revocation order made by him on January 27, 1955. The principal relief, which he seeks from the defendant Condry, commissioner of motor vehicles, in this proceeding, however, is that he be required to reinstate the license of the petitioner to operate a motor vehicle. The commissioner of motor vehicles, being an administrative official, can not perform the judicial function of determining the validity of the judgments, and he was justified in refusing to set aside and vacate his revocation order based upon the record showing the rendition of the judgments until the judgments are judicially declared to be void in a proceeding in which he is a party or of which he has notice. Under the statute, Section 5, Article 3, Chapter 17B, Chapter 129, Acts of the Legislature, 1951, Regular Session, upon the abstract of each judgment certified to him by the judicial officer who rendered it, the commissioner of motor vehicles was required to issue his order revoking the license of the petitioner for a period of ten years; but when the judgments are declared to be void, as they are so held to be by this Court in this proceeding, the nondiscretionary duty at once devolves upon the commissioner of motor vehicles, in disregard of his revocation order, to reinstate the license of the petitioner to operate a motor vehicle which was revoked by that order.

As already indicated, the failure of the petitioner to apply for an appeal from the judgment of conviction in each proceeding and to seek reversal of each judgment upon appeal does not preclude him from attacking the judgment collaterally in a proceeding in mandamus. To obtain a reversal of each judgment it would be necessary to prosecute successfully two appeals and, if both

judgments were reversed and set aside by means of that procedure, the commissioner of motor vehicles could not have been required, in either appellate proceeding, to reinstate the license of the petitioner, if the commissioner, after the reversal of both judgments, should refuse to reinstate the license. The time required and the costs incurred in the prosecution of the appeals to a successful final conclusion, which would not directly accomplish the reinstatement of the license, would be substantially greater than the time required and the costs incurred in the prosecution of a proceeding in mandamus in which adequate and complete relief in avoiding the effect and preventing the enforcement of the judgments and in requiring the reinstatement of the license can be expeditiously obtained by the petitioner. The existence of another remedy will not preclude resort to mandamus for relief unless such other remedy is specific and appropriate to the circumstances of the particular case and requires performance of the duty sought to be enforced. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *State ex rel. Looney* v. *Carpenter,* 106 W. Va. 170, 145 S. E. 184; *City of Philippi* v. *Tygarts Valley Water Company,* 99 W. Va. 473, 129 S. E. 465; *State ex rel. City of Benwood* v. *Benwood and McMechen Water Company,* 94 W. Va. 724, 120 S. E. 918; *State ex rel. Hall* v. *County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company* v. *Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A, 995. Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus will lie. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *State ex rel. Miller* v. *Board of Education of Mason County,* 126 W. Va. 248, 27 S. E. 2d 599; *Hardin* v. *Foglesong,* 117 W. Va. 544, 186 S. E. 308. The tendency in this jurisdiction is to enlarge and advance the scope of the remedy of mandamus, rather than to restrict and limit it, in order to afford the relief to which a party is entitled when there is no other adequate and complete legal remedy. *Carter*

v. *City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *Cross* v. *West Virginia Central and Pittsburgh Railway Company,* 35 W. Va. 174, 12 S. E. 1071. A writ of mandamus will issue to require the discharge by a public official of a nondiscretionary duty. *State ex rel. Dewey Portland Cement Company* v. *O'Brien,* 142 W. Va. 451, 96 S. E. 2d 171; *State ex rel. Board of Governors of West Virginia University* v. *Sims,* 140 W. Va. 64, 82 S. E. 2d 321; *State ex rel. West Virginia Commission on Interstate Cooperation* v. *Sims,* 135 W. Va. 257, 63 S. E. 2d 524; *State ex rel. The West Virginia Board of Aeronautics* v. *Sims,* 129 W. Va. 694, 41 S. E. 2d 506; *Glover* v. *Sims,* 121 W. Va. 407, 3 S. E. 2d 612.

Though the petitioner may not obtain all the relief which he seeks in this proceeding he is entitled to the reinstatement by the commissioner of motor vehicles of his license to operate a motor vehicle. A writ of mandamus may be molded to afford the petitioner the relief to which he is entitled. *Board of Trustees of Policemen's Pension or Relief Fund of the City of Huntington* v. *City of Huntington,* 142 W. Va. 217, 96 S. E. 2d 225. The writ in this proceeding is molded to require the defendant Condry, commissioner of motor vehicles, to reinstate forthwith the license of the petitioner to operate a motor vehicle and, as so molded, is awarded.

*Writ, as molded, awarded.*